[S. F. No. 360. In Bank.—March 14, 1896.]

PEOPLE ex rel. SAN FRANCISCO AND SAN JOAQUIN RAILWAY COMPANY, Petitioner, *v.* COLUMBUS J. CRAYCROFT et al., BOARD OF TRUSTEES OF CITY OF FRESNO, Respondents.

Railroads — Extension of Track Through Streets of City — Sale of Franchises to Highest Bidder — Construction of Statute — Absence of Bona Fide Competition.—The act of March 23, 1893, requiring the sale of railroad franchises in the streets of cities to the highest bidder, must be construed as applying only to cases of street railroads where *bona fide* competition is possible; and is not to be construed to require the city trustees to sell to the highest bidder a franchise applied for by a steam railroad for the extension of its track through the streets of the city en route between its termini, in which case there can be no *bona fide* competition, and the effect of competing bids might be merely to prevent the road from passing through the city.

Id.—Reasonable Construction of Statutes.—The construction of statutes must be reasonable; and where it is evident that the legislature could not have intended the consequence of a literal construction which leads to an absurdity, such literal construction cannot obtain.

Id.—Mandamus to Board of Trustees. — *Mandamus* will lie to compel the board of trustees of the city to act upon the merits of the application of a steam railroad to extend its track through the streets of the city, without subjecting the franchise applied for to sale to the highest bidder.

Mandamus to the Board of Trustees of the City of Fresno.

The facts are stated in the opinion of the court.

*E. F. Preston*, for Petitioner.

The statute of 1893 does not apply to steam railroad corporations, but only to street railroads. The general

words of a statute do not extend to every case which
literally falls within them, where such construction
is not reasonable, or within the legislative intent.
(*Chamberlain* v. *Elizabethport etc. Co.*, 41 N. J. Eq. 43;
*People's R. R.* v. *Memphis R. R.*, 10 Wall. 38, 51–4;
*Brine* v. *Insurance Co.*, 96 U. S. 627; *Hammock* v.
*Loan etc. Co.*, 105 U. S. 92; *Southern Cal. etc. Co.* v.
*Union etc. Co.*, 64 Fed. Rep. 450; *Montgomery* v. *Santa
Ana etc. Ry. Co.*, 104 Cal. 190; *Oates* v. *First Nat. Bank*,
100 U. S. 239; Sutherland on Statutory Construction,
246, 325, 326; *Moses* v. *Pittsburgh etc. R. R. Co.*, 21 Ill.
522.) Railroads concern the public interest. (*Napa
Valley R. R. Co.* v. *Napa County*, 30 Cal. 437; 2 Dillon
on Municipal Corporations, 293.)   *Mandamus* lies to
compel the performance of an act resulting as a duty
from an office, trust, or station. (*Jones* v. *Tallant*, 90
Cal. 386.)

*L. W. Mantine*, for Respondent.

The act of 1893 covers this case, and there is no room
for construction against the express and unambiguous
terms of the statute. (*Eureka* v. *Diaz*, 89 Cal. 467;
*Rex* v. *Barham*, 8 Barn. & C. 99; *Smith* v. *State*, 66
Md. 217; *Woodbury* v. *Berry*, 18 Ohio St. 456; *Tynan* v.
*Walker*, 35 Cal. 635; 95 Am. Dec. 152.)

Beatty, C. J.—This is an original proceeding in
which the petitioner asks the issuance of a writ of
mandate to the respondents, commanding them to act
upon its petition for leave to extend its railway track
through the city of Fresno, and across and along certain
streets and lands of said city.

The petitioner is a corporation organized and exist-
ing under the laws of California, and by its incorpora-
tion authorized and empowered to construct, maintain,
and operate a steam railway for the transportation of
passengers and freight from a point at or near the
bay of San Francisco in a line generally easterly and
southeasterly to a point at or near the city of Bakers-

field in Kern county, a distance of about three hundred and fifty miles. The route of the road as laid out passes through the city of Fresno, and the petitioner has already constructed a section twenty miles in length on such proposed route between Stockton and Fresno. It is necessary for the proper and successful operation of the road that it should be constructed as laid out, and this involves the right to pass through the city of Fresno upon a line and over and across the streets particularly designated in an application which was by the petitioner duly presented to the respondents. But they, instead of passing upon the question as to whether the proposed route was properly located, and the application one proper to be granted, resolved to advertise for bids for the privilege of operating a steam railway over the route proposed, and determined that they would grant said privilege to the highest bidder, without regard to the question whether such bidder was engaged in constructing a road between the same termini or not. There is not, in fact, any other corporation or person proposing to build such a road, or who could make a *bona fide* bid in competition with the petitioner, and the award of the privilege sought to any other person would simply prevent the construction of the road through the city of Fresno, and to that extent defeat the purpose for which the petitioner was incorporated.

All these facts are admitted by the respondents, and it is not denied that the course they are pursuing involves a seeming absurdity; but they hold themselves bound to that course by the terms of an act of the legislature approved March 23, 1893, entitled, "An act providing for the sale of railroad and other franchises in municipalities, and relative to granting of franchises." (Stats. 1893, p. 288.)

This act does, in express terms, provide that: "Every franchise or privilege to erect or lay telegraph wires, to construct or operate railroads along or upon any public street or highway, or to exercise any other privilege whatever hereafter proposed to be granted by the board

of supervisors, common council, or other governing or legislative body of any county, city and county, city, town, or district within this state shall be granted upon the conditions in this act provided and not otherwise," i. e., the fact that a franchise or privilege (describing it) has been asked, and that it is proposed to grant it to the highest bidder, shall be advertised, and at the expiration of the time limited the bids must be opened, and the franchise or privilege must be awarded to the highest bidder. Any member of a board of supervisors or other governing body who by his vote violates, or attempts to violate, any of the provisions of the act is guilty of a misdemeanor and of malfeasance in office, for which he may be removed by any court of competent jurisdiction.

It cannot be denied that the language of this act is broad enough to include the franchise and privilege which the petitioner seeks, but a statute will not always be held to include every case which falls within its literal terms; the penalty of death denounced against any person who draws blood in the street is not incurred by a surgeon who bleeds one who has fallen in a fit, and so, generally, no law will be so applied as to work a palpable absurdity. The word "railroad" is certainly broad enough to cover a steam railroad, and the privilege of laying and operating a steam railroad through a city is clearly included in "any privilege whatever," but, at the same time, if it is perfectly evident from the whole tenor of this act, and other acts in *pari materia,* that the legislature could not have intended the consequences of a literal construction of the language above quoted, such a construction cannot obtain. It is the policy of this state to encourage the building of railroads, and a corporation complying with the statutory prerequisites acquires, among other things, the right to construct and operate its road between the termini named in its articles of incorporation. In the exercise of this right it may pass through cities and towns along its route, if they are willing to grant the privilege. Generally, it is to the interest of the inhabitants of such

towns and cities, as well as of the railroad company, to have the road pass through the corporate limits, and it is not to be supposed that the legislature intended to make it impracticable, if not impossible, for the builders of the road and the governing bodies of the cities and towns along the route to promote their mutual interests in this way. But if this law is to be enforced in a literal sense such must be the result. When a railway is constructed to the boundaries of a town or city, the corporate authorities may be as desirous as the builders of the road to have it pass through on its selected route, but their hands are tied. They cannot grant the privilege to any but the highest bidder, and the highest bidder may be someone who merely desires to prevent the road from passing through, and who cannot make any use of the franchise except for that purpose. In fact, the franchise sought is not the subject of competition. A particular railway company desires permission to construct *its* road through the town, or, in other words, to make a connection through the town of those portions of its road extending upon either side of the town to its opposite termini. In the nature of things, there can be no competition for this privilege. The builder of the road must own and operate the whole line; the right to do so is part of its corporate franchise, and how is it possible that any other person or corporation can acquire the right to construct, and own and operate, as a distinct and independent road and franchise, that part of the road necessary to connect its two ends? This law was not intended to apply to such a case, but only to those cases—as of street railroads—in which *bona fide* competition is possible.

It follows that when the application of petitioner was presented it was the duty of respondents to consider and act upon it, without subjecting the petitioner or themselves to a condition which might preclude them in the exercise of a proper discretion from granting the privilege sought. It is ordered that a peremptory writ of mandate issue commanding the respondents to act upon

the application of petitioner without reference to any bids for the privilege sought, and to grant or deny it according to its merits.

HARRISON, J., VAN FLEET, J., McFARLAND, J., GAR-OUTTE, J., and TEMPLE, J., concurred.