MARY J. BINGHAM, executrix, *vs.* CHARLES N. SCOTT.

Worcester.    October 3, 1900. — November 30, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Wagering Contract — Statute — "Agent or Employee" — "Other Party to the Contract" — Intention not to perform.*

. The finding, in an action under St. 1890, c. 437, to recover for payments made by the plaintiff upon certain alleged wagering contracts, that the defendant acted wholly as the agent or employee of another and not as agent or employee of the plaintiff, disposes, in respect to the transactions, of any right of recovery which the plaintiff might have had under the statute against the defendant as the person employed by him; and the defendant is not to be regarded as "the other party to the contract" within the meaning and intent of the statute.

If A. requests B. to contract for shares of stock in B.'s name, the same to be carried on margin for the use and benefit of A., and B. consents, and contracts with M. & Co., a firm of brokers, for the stock in his, B.'s, name, the same to be carried on margin, and A. gives B. money from time to time to pay on and carry the shares, and B. gives him receipts therefor signed by himself, stating that the money was received as margins on the shares "being carried on margin with M. & Co.," and it is found that B. was not the agent or employee of M. & Co., and that the understanding between A. and B. was that the service rendered was a friendly act without compensation, for the accommodation of A., who did not wish to buy in his own name, and it is also found that, at the time of the several payments, A. and B. had no intention to perform the contract by the actual receipt of the shares and the payment of the price, there was no employment of B. by A. within the meaning of St. 1890, c. 437, entitled "An Act relative to wagering contracts in securities and commodities."

CONTRACT, under St. 1890, c. 437, entitled "An Act relative to wagering contracts in securities and commodities," to recover for money alleged to have been paid by the plaintiff's testator to the defendant to buy upon margin certain securities and commodities, the plaintiff's testator having at the time of such contract no intention to perform the same by the actual receipt of the securities and commodities referred to.  Trial in the Superior Court, without a jury, before *Hopkins,* J., who ruled, at the request of the defendant, that upon the auditor's report, which was the only evidence introduced in the case, the plaintiff was not entitled to recover, and found for the defendant.  The plaintiff alleged exceptions; and the judge reported the case for the determination of this court.  If the ruling was right, judgment

was to be entered upon the finding for the defendant; otherwise, such judgment was to be entered as the court might order.

*F. P. Goulding*, for the plaintiff.

*H. Parker*, for the defendant.

MORTON, J. This is an action under St. 1890, c. 437, to recover for payments made by the plaintiff's testator upon certain alleged wagering contracts. The case was referred to an auditor, and at the trial the only evidence before the presiding justice was the auditor's report. It appeared from the auditor's report that the plaintiff's testator paid the defendant from time to time various sums of money as margins on five different contracts; four relating to different stocks and one to May wheat. In four of these, including that relating to May wheat, the auditor found that the defendant acted wholly as the agent or employee of a firm known as Baldwin Brothers, and did not act as the agent or employee of the plaintiff's testator; that the contracts were signed "Baldwin Bros., C. H. S.," and that the money paid by the plaintiff's testator to the defendant was immediately deposited by him in bank to the credit of Baldwin Brothers. The auditor further found that in each of these four transactions the plaintiff's testator had no intention to perform the contract by the actual receipt of the certificates of stock and of the wheat; that the stocks and wheat were contracted for to be carried with Baldwin Brothers on margins; and that the defendant had reasonable cause to believe that no intention existed at the time of the several payments to actually perform the contracts by the delivery of the certificates of stock and of the wheat contracted for and the payment of the price therefor. The other transaction related to twenty-five shares of New York Central Railroad stock. The auditor found in reference to this that the plaintiff's testator requested the defendant to contract for this stock in his, the defendant's, name, the same to be carried on margins for the use and benefit of the plaintiff's testator; that the defendant consented to do this, and contracted with M. H. Bemis and Company, a firm of brokers, for said stock in his, the defendant's, name, the same to be carried on margins; and that the plaintiff's testator gave the defendant money from time to time to pay in and carry said stock, and the defendant gave him receipts therefor, signed by himself, stating that the money was received as margins on

twenty-five shares of New York Central Railroad stock, " being carried on margin with M. H. Bemis & Co." The auditor further found that in this transaction the defendant was not the agent or employee of Bemis and Company, and that " there was no agreement or understanding between the plaintiff's testator and the defendant, that defendant should be paid anything by plaintiff's testator for this service ; that he never was paid anything, and that the understanding between the parties was, that the service rendered was a friendly act, without compensation, for the accommodation of the plaintiff's testator who did not wish to buy in his own name." The auditor also found, as in the other transactions, that at the time of the several payments the plaintiff's testator and the defendant had no intention to perform the contract by the actual receipt of the stock and the payment of the price.

The presiding judge ruled that the plaintiff was not entitled to recover, and found for the defendant. The plaintiff excepted to this ruling, and the case is here on a report made by the presiding judge at his request.

The statute under which the action is brought provides that " whoever contracts to buy or sell upon credit or upon margin any securities or commodities, having at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price, or whoever employs another so to buy and sell on his behalf, may sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered; provided, such other party or other person so employed had reasonable cause to believe that no intention to actually perform existed." St. 1890, c. 437, § 2.

The finding of the auditor in regard to the first four contracts that " the defendant acted wholly as the agent or employee of Baldwin Brothers, and not as the agent or employee of the plaintiff's testator," disposes in respect to those transactions of any right of recovery which the plaintiff's testator might have had under the statute against the defendant as the person employed by him. We think that it is equally clear that in regard to those transactions the defendant is not to be regarded as " the other party to

the contract" within the meaning and intent of the statute. The contracts were in terms between the plaintiff's testator and Baldwin Brothers. In procuring them the defendant acted openly and avowedly as the agent of Baldwin Brothers, and in no other capacity. In no proper sense could he be said to be "the other party" to the contracts. The plaintiff contends that there can be no delegation of authority to do an unlawful act, and, therefore, that the defendant cannot be permitted to show that he was an agent, and must be regarded as "the other party to the contract." But this is not a criminal proceeding, and the object of the statute is to afford a remedy where there was none before, and, in respect to the aspect of the case which we are now considering, the remedy is given against "the other party to the contract." For the purpose of determining who he is, the true relations between the parties may be shown.

There is more question in regard to the transaction relating to the New York Central stock, arising from the necessity of determining the sense in which the words "employs" and "employed" are used in the statute. But we think that they signify a relation standing on a different footing from that which is found to have existed between the plaintiff's testator and the defendant in regard to that stock. There are various senses in which the verb "employ" and its derivatives are used. But when used in connection with matters of ordinary business, as in this statute, it means, we think, service rendered or to be rendered for compensation, and is nearly or quite synonymous with "hire," though, as said by the authors of the Standard Dictionary, a word of more dignity than that. Where therefore one, as here, without compensation and without any understanding or agreement that he shall receive compensation, renders a service to another as a friendly act and for his accommodation, we do not see how it can be fairly said that the party receiving the benefit of the service employs the other, or how the party rendering the service can be fairly said to be employed by the other. Nor can it make any difference, we think, that the service is rendered at the request of the party receiving the benefit of it. What is done under such circumstances is more in the nature of a favor done by one person to another, than of an employment of one by the other. We think, therefore, that what occurred cannot

be considered as constituting an employment of the defendant by the plaintiff's testator, within the meaning of the statute. For a collection of cases in which the words " employ," " employee," and " employment " are considered, see 11 Am. & Eng. Encyc. of Law, ·(2d ed.) 1 *et seq.*

It is unnecessary to consider whether the action survives. Assuming, without deciding, that, as the plaintiff contends, it does survive, we think that, for the reasons already given, the ruling of the presiding judge was right.

<div align="right">

*Judgment for the defendant.*