[Civ. No. 1442.   Fourth Appellate District.—April 24, 1933.]

LOIS A. GOULD, Respondent, v. THE SANTA ANA HIGH
SCHOOL DISTRICT et al., Appellants.

Harvey & Harvey for Appellants.

West & McKinney for Respondent.

Stanley Mussell, District Attorney, and James L. King, Chief Deputy District Attorney, as *Amici Curiae* for Appellants.

MARKS, J.—Petitioner is a teacher of music possessed of the necessary qualifications to permit her to teach in the respondent school. The city of Santa Ana is a city of the fifth class, organized under the Municipal Incorporation Act of the state of California. (Stats. 1883, p. 93.) It has an elementary school district with boundaries coextensive with the city limits, and a high school district which embraces all the territory within its boundaries, as well as certain elementary school districts outside the city limits. Each district is a separate legal entity but both are governed by the Board of Education of the City of Santa Ana.

Petitioner was first employed in 1927 by the "Board of Education of Santa Ana School District" as a probationary teacher of "music and art—orchestra in the schools of this elementary school district". In 1928 a similar ·contract was entered into except that it was specified that she was employed by the Santa Ana City School District as a supervisor and the reference to her teaching in the schools of the "elementary school district" was omitted. A similar contract was entered into in 1929. Her contract dated May

7, 1930, was identical with that of the previous year except that the salary was fixed at $1800 per year and it was therein specified that she was classified as a probationary employee. She was again employed in May, 1931, for the ensuing school year at a salary of $1875 per annum, as a teacher and classified for the first time as a permanent employee. She was not re-employed in 1932 and was notified that the Board of Education of the City of Santa Ana had "eliminated the teaching of orchestra and orchestral instruments in the elementary schools of this district", which "was a definite 'discontinuance of this particular kind of service' in the Santa Ana School District". It cannot be doubted that her contracts of employment were with the Board of Education of the City of Santa Ana in its capacity as the governing board of the elementary schools of the city. Her compensation was paid to her out of the funds provided for the operation of these schools. At no time did she receive any compensation directly from the High School District, nor did she ever have any contract of employment with this district, though she rendered part-time service in two of its junior high schools for several years.

At the opening of the school year in 1932, petitioner presented herself at the junior high schools, which are part of the High School system of Santa Ana, and offered to perform her duties as a teacher, claiming to be a permanent teacher of the High School · District. Upon being refused employment she brought this action in the court below seeking a writ of mandate to compel the Santa Ana High School District and its board of trustees "to recognize and employ your petitioner as a permanent teacher and permanent employee in said district, until her status under said tenure shall change, and to pay her salary to which she is entitled, as of last year". The trial court ordered the writ of mandate to issue as prayed for, requiring the High School District to pay petitioner a salary of $1875 for the school year commencing in September, 1932. This equaled the amount paid her by the elementary school district during the preceding year.

It is admitted that petitioner possessed all the qualifications necessary to teach in the junior high schools. If she was a permanent teacher of the High School District and

the "particular kind of service" she had rendered was not discontinued, then the judgment must be affirmed.

Petitioner taught what was called "elementary orchestra" in the elementary schools. This included the instruction of beginners who had no knowledge of music or musical instruments, continuing with these same pupils as they advanced in the knowledge of music during their courses in the elementary schools. For convenience she divided them into two classes—the beginners forming what she chose to designate the "elementary" classes, and those more advanced, the "junior" classes. Commencing at some time during the school year of 1928, she taught the same subjects for one period each day in each of the two junior high schools in Santa Ana. These junior high schools had "advanced orchestra" classes which were open to any pupil who had successfully completed the course in "elementary orchestra". Petitioner taught these classes in "advanced orchestra" during the last semester of the school year of 1931-32, and the High School District paid the elementary school district some money, in an amount which is not disclosed, for her services in teaching both classes during that year. Nothing was paid by the High School District for her services during the previous years.

In considering the question of whether or not petitioner became a permanent teacher of the Santa Ana High School District, we must bear in mind that this district was as much of an entirely separate and distinct entity from the Santa Ana school district (elementary schools) as though the two were in separate cities and governed by separate boards.

The Teachers' Tenure Act has always made the right of a teacher to be classified as a permanent employee dependent upon her having been "employed as a teacher by the district", or "employed by the district" for a given number of years. (Sec. 1609, Pol. Code; sec. 5.500, School Code.) We must, therefore, determine whether or not petitioner was ever "employed" by the Santa Ana High School District as the word is used in these sections.

The words "employ" and "employed" can be used in various senses and be given different meanings. They are sometimes used in the sense of "engage" or "engaged in". A person may be said to be "employed" in a certain avocation when such person's time is occupied therein without a

contract of hiring or expectation of compensation. (Funk & Wagnalls Standard Dictionary; *McCluskey* v. *Cromwell,* 11 N. Y. 593.) In another sense the words imply services rendered, or to be rendered, for a compensation upon a contract either express or implied. (*Bingham* v. *Scott,* 177 Mass. 208 [58 N. E. 687].) We think the latter definition descriptive of the term "employment", as used in the school laws of California, with the notation that these laws require the employment to originate in an express and not an implied contract.

It is now the law in this state that the position of teacher in the public school system is created by contract. In *Leymel* v. *Johnson,* 105 Cal. App. 694, at 702 [288 Pac. 858, 862], it is said: "The conclusion that the status of a teacher is that of an employee is irresistible. The position is secured by selection by the board of trustees and the terms of the employment are fixed by contract, the authority for which is found in the Political Code, section 1609. Under its general powers the board of education is authorized to enter into contracts with teachers and fix their compensation and terms of employment. (*Marion* v. *Board of Education,* 97 Cal. 606 [32 Pac. 643, 20 L. R. A. 197].) It may make reasonable rules governing vacations of teachers and providing their duties where such rules do not conflict with a statute. (*Fairchild* v. *Board of Education,* 107 Cal. 92 [40 Pac. 26]; *Loehr* v. *Board of Education,* 12 Cal. App. 671 [108 Pac. 325].) The contract of employment of a teacher produces the relation of employer and employee, the first, the board of education, and the second the teacher."

In the same case the following is quoted from the dissenting opinion of Mr. Justice Fox, in *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042, 1045]: "The position of teacher is distinctly defined by the code (Pol. Code, sec. 1617) to be that of an employee. If the statutes and rules of the board determine his duties, powers, and rights, all that remains to complete the contract is his selection for the place, and it makes no difference whether that selection is made by a vote of the board, commonly called an election, by appointment, or by specially negotiated contract, it does not change the fact that he is still an employee, and that his rights are based upon his contract of employment."

In *Martin* v. *Fisher*, 108 Cal. App. 34 [291 Pac. 276, 277], it is said: "Respondent must find her authority for a judgment in the right given her by section 1609 of the Political Code to continue her duties as a permanent teacher in the schools of the district. This right finds its origin in a contract between herself and the board of trustees of the district, together with two years' satisfactory service as a teacher under the terms of her contract or contracts. Therefore the cause of action finds its source, first, in a contract, second, in services satisfactorily performed under the terms of the contract, and, third, in the provisions of the law."

We can find no evidence in the record that would remotely indicate an "employment" of petitioner by defendants under a contract between them. Without such employment the relation of teacher with a permanent tenure could not arise. The mere lending of the services of petitioner by the elementary school district to the High School District, without any payment at all to her by the High School District, and without any payment by this district to the elementary district, except during the last year of the arrangement, is not sufficient to establish an employment by the High School District upon which petitioner could predicate her claim of being a teacher of that district with a permanent tenure.

The trial court found, on undisputed evidence, that the course in elementary orchestra had been discontinued in the elementary schools of Santa Ana during the school year in question. It also found that "it is not true that the said Board of Education at said time or meeting, or at any other time or meeting, discontinued the teaching of orchestra and orchestral instruments and the subjects covered by the credentials of petitioner in the junior high schools or either of the junior high schools maintained by said Board of Education, and it is further not true that the said Board of Education discontinued in the said junior high schools the subjects taught by petitioner during the four and one-half school years next preceding the school year of 1932–33".

The evidence shows that what we have described as the course in "elementary orchestra" was discontinued in the junior high schools of Santa Ana during the school year of 1932–33. There was no instruction in these schools for

beginners. It may be that some of the pupils, in what petitioner chose to designate as the "junior" division of the "elementary orchestra" class, might have received instruction in the "advanced orchestra" classes of the junior high schools during that year, but the classes in "elementary orchestra" which corresponded to the classes bearing the same name in the elementary schools, were entirely discontinued. These were the classes taught by petitioner in the junior high schools during her service there, with the exception of one semester when she taught the "advanced orchestra" classes. This evidence does not support the quoted finding.

Section 5.710 of the School Code provides in part as follows: "It is hereby provided that whenever it becomes necessary to decrease the number of permanent employees in a school district . . . on account of the discontinuance of a particular kind of service in such district, the governing board may dismiss such employee at the close of the school year." We are of the opinion that the "particular kind of service" rendered by petitioner (excluding her teaching of advanced orchestra for one semester) was discontinued and that her dismissal was justified under the terms of the quoted section.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.