[L. A. No. 15752. In Bank.—September 28, 1936.]

AMELIA SCHWALBACH, Appellant, v. BOARD OF EDUCATION OF SAN LUIS OBISPO HIGH SCHOOL DISTRICT et al., Respondents.

Lemuel D. Sanderson for Appellant.

C. P. Kaetzel, A. H. Brazil and A. V. Muller for Respondents.

THE COURT.—A hearing was granted in this court after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration, we adopt the opinion of Mr. Justice Doran as the opinion of this court. It reads as follows:

"This was a petition for a writ of mandate to compel the respondent Board of Education to reinstate, and permit appellant to continue to serve, as a permanent teacher, in the public schools. The writ was refused and petitioner appeals.

"At the conclusion of the trial the court found that appellant was employed as a teacher by respondent on June 30, 1930, and served as such teacher in the public schools in defendant school district continuously from said date to the date of her dismissal; that during all of said period appellant was classified as a permanent teacher by respondent and was so classified at the time of her dismissal; that appellant was employed during all the period of her employment as a teacher by respondent to perform a particular type of service and was engaged during all the period of her

service as a teacher of a particular type of service, and that said type of service was discontinued by respondent for the school year 1932–1933, and has never been resumed; that it became necessary for respondent to dismiss appellant on account of the discontinuance of the type of service in which appellant was engaged and for which she was employed and that respondent did dismiss appellant in April, 1932, on account of the discontinuance of said type of service.

"The court further found that during the entire time of the employment of appellant she was employed and engaged in the same type of service; that she taught a special room and class of pupils of such mental disability as to cause their attendance at regular classes to be inimical to the welfare of the other pupils; that the special room and class and the teaching of the same was discontinued by respondent for the school year 1932–1933 commencing in August, 1932, and had never been resumed, and it became necessary to dismiss appellant on account of such discontinuance.

"The findings are supported by the evidence in every respect. In short, the evidence reveals that petitioner had taught, what was termed, a room of mixed grades, the students of which were referred to as 'retarded'; that on April 22, 1932, petitioner received the following letter from the respondent:

" ' (Letterhead San Luis Obispo City Schools)
" ' ' (Office of the Superintendent)
" 'April 22, 1932.

" 'Miss Amelia Schwalbach,
" 'San Luis Obispo,
" 'California.
" 'Dear Miss Schwalbach:

" 'Since it will be necessary for the Board of Education to reduce the annual expenditures in the Elementary Schools $26,000 next year, and $21,000 in the High School, certain reductions in the teaching staff appear necessary. The position that you are occupying in the San Luis Obispo City Schools, and the work connected therewith, will be discontinued at the conclusion of your present contract.

" 'The Board suggests that you submit a written resignation effective at the conclusion of the present school year,

and the same will receive consideration at the regular meeting of the Board on Friday, May 6, 1932.

" 'Regretting the necessity of this action, and with best wishes, the Board remains

" 'Very truly yours

" '(Signed) C. L. SMITH,

" 'Clerk, Board of Education.'

"Thereafter she demanded reinstatement, which demand was refused.

"Section 5.710 of the School Code provides as follows: 'It is hereby provided that whenever it becomes necessary to decrease the number of permanent employees in a school district on account of a decrease in the number of pupils attending the schools of such district, or on account of the discontinuance of a particular kind of service in such district, the governing board may dismiss such employee at the close of the school year.'

"It is urged on behalf of petitioner that she does not fall within the class referred to as those engaged in, *'a particular kind of service'* and, that her tenure as a permanent teacher having become fixed by operation of law, the school board was without authority and power to dismiss her. It is contended that the phrase, 'particular kind of service', must be construed to refer only to those holding a particular kind of certificate and exclude those holding a general teacher's certificate. Bad faith on the part of the board was not alleged nor was it claimed at the trial. On the contrary, the respondent board, in connection with the correspondence regarding her reinstatement, wrote petitioner the following: '. . . The Board, at this time, desires to further notify you that this action on their part was entirely due to the present depression and not for any reasons reflecting upon your capacities as a teacher in the San Luis Obispo school system. The Board of Trustees of this district, in other words, desires to make it clear that your dismissal was entirely under honorable conditions.'

"The principal question raised here was carefully considered in the case of *Fuller* v. *Berkeley School District,* 2 Cal. (2d) 152 [40 Pac. (2d) 831]. In that case the court pointed out that, 'of necessity each case must be determined upon its own particular facts', and, on the basis of the facts in the case at bar, appellant's contention cannot be sustained.

The evidence abundantly supports the conclusion that appellant was employed to perform, and did perform, within the meaning of section 5.710 of the School Code, a particular kind of service. It was a service that, under the school law, was optional with the school board to maintain and which, therefore, it had the power to discontinue. Having discontinued the service, there was no legal duty that compelled the board to reemploy appellant. (*Fuller* v. *Berkeley School District, supra.*)

 "The argument that, a particular kind of certificate should be the test as to what is meant by, 'a particular kind of service', is untenable."

The judgment is affirmed.