[Civ. No. 11404. First Appellate District, Division One.—March 31, 1941.]

PEARL R. CONSTANTINE, Appellant, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Piccirillo & Wolf for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Respondents.

KNIGHT, J.—Plaintiff appeals from a judgment in favor of defendants in a proceeding in *mandamus* whereby she sought to establish tenure as permanent principal of the Gough School in San Francisco, to compel the Board of Education to "reinstate and restore" her to that position, and pay her the salary as such from the date on which she alleges she was illegally removed therefrom. The findings and judgment were entered in May, 1939; the final brief was filed in October, 1940, and two months later the appeal came on for oral argument.

The facts as they are shown by the evidence are these: For many years prior to the close of the school year 1934–1935 the Gough School was a special elementary school devoted exclusively to the teaching of deaf children. A staff of from five to seven teachers was employed to conduct the school. In 1922 plaintiff became a permanent teacher therein, and she continued to be employed as such until 1930. Thereafter, for the five succeeding years she was employed not only as teacher therein, but also as the administrative head thereof. In this connection the record shows that in August, 1930, she was employed as "teacher in charge" with an added salary of $20 a month, and in 1931 and 1932 as "vice-principal in charge", with salary fixed as such. In 1933 and 1934 she was employed as "principal" of said school and paid a salary as such; and at the trial it was stipulated on behalf of the board that during said five years plaintiff performed all the duties of principal of said school.

On May 13, 1935, which was about a month prior to the close of the school sessions for the school year 1934–1935 Edwin A. Lee, then superintendent of schools, requested plaintiff's resignation as principal of said school. No complaint had been made against her by parents or teachers, but she was told by Mr. Lee that if she did not resign the board would either disband the school, separate and put the classes in different schools, or consolidate the Gough School with another school. Thereupon he handed her a form of resignation to sign, which she declined to do; and on the following day, May 14, 1935, upon the recommendation of Mr. Lee, the board adopted the following resolutions: "That Mrs. Pearl R. Constantine, who has been serving as probationary Principal at the Gough School, be notified that her services as Principal will not be required after the close of the school session on June 14, 1935." "That effective July 1, 1935, the Gough School and the Sherman School be consolidated under the direction of one principal, and be designated as the Sherman-Gough School." "That effective July 1, 1935, the position of principal of the Gough School be abolished." "That effective July 1, 1935, Mrs. Agnes R. Tardelli, Principal of the Sherman School, be appointed as Principal of the Sherman-Gough School. Salary beginning July 1, 1935, to be at the rate of $3668.25 per annum. No change in salary rate." "That effective July 1, 1935, Mrs. Pearl R. Constantine be assigned to duty as teacher in the Gough Division of the Sherman-Gough School. Salary beginning July 1, 1935, to be at the rate of $2410.69 per annum, being the 14th rating of the elementary school teachers' salary schedule for 1934–1935. This is a reduction in salary" (amounting to approximately $110 a year).

The following year the Sherman-Gough School was operated in conformity with the consolidation plan laid down in said resolutions, and it was being so operated at the time of the trial of the present proceeding, which took place in May, 1936. All of the administrative, executive, and supervisory duties theretofore performed by plaintiff as principal were taken care of by Mrs. Tardelli, as principal of the consolidated schools, whose offices were located in the Sherman School building, seven blocks distant from the Gough School building; and some of the classes of the latter school were required to attend the Sherman School building for study and in-

struction a portion of each school day. Moreover, Mrs. Tardelli visited the Gough School building on each school day to give personal attention to such matters as required her presence there.

At the outset it should be stated that plaintiff's tenure as teacher is not questioned, nor is it in any manner here involved. The basic issue upon which the decision of the trial court turned, and which is now presented for determination on appeal, is whether as claimed by the board and found by the trial court, plaintiff, at the time of the consolidation of said schools had not acquired tenure as principal or principal-teacher of the Gough School but was serving merely a probationary period as such; for if the trial court's finding on that issue be sound, then clearly it was within the legal authority of the board, as conferred by section 135 of the charter, to consolidate said schools and thus abolish the probationary position then held by plaintiff as principal thereof.

We are of the opinion that the conclusion reached by the trial court on the vital issue above mentioned must be sustained. The provision of the city charter relating to the matter of tenure is as follows: (sec. 135) "All teachers, heads of departments, vice-principals, principals, supervisors and directors shall be classified as permanent employees in their respective positions after they have been successfully employed in such positions in the school department for a probationary period of three years. In the absence of any action to the contrary by the board of education at the end of the third year of such employment, the classification shall be considered as permanent." In this connection it has been held in recent cases that the contract of employment is the governing factor in determining the question of tenure (*Wood* v. *Los Angeles City School Dist.*, 6 Cal. App. (2d) 400 [44 Pac. (2d) 644]; citing *Gould* v. *Santa Ana High School Dist.*, 131 Cal. App. 345 [21 Pac. (2d) 623]), and that the employment of one as a substitute teacher does not qualify such employee to become a permanent teacher notwithstanding she performs the duties of a probationary or permanent teacher (*Hogsett* v. *Beverly Hills School Dist.*, 11 Cal. App. (2d) 328 [53 Pac. (2d) 1009]). In the present case it is to be noted that plaintiff was employed for two years as principal, and that for the two preceding years she was employed in a different capacity. It follows, therefore, that since the

charter requires employment in any one capacity for a probationary period of three years, she failed to acquire tenure as principal.

Citing the case of *Briney* v. *Santa Ana High School Dist.,* 131 Cal. App. 357 [21 Pac. (2d) 610], the plaintiff seeks to invoke the doctrine of estoppel against the board upon the theory that although she was not employed as principal for three years she performed all of the duties as such for five years, in addition to her regular duties as teacher, and was paid additional compensation therefor. The factual situation of the Briney case was essentially different, however, from the present one. There the contract for the first year failed to classify the plaintiff as a substitute, probationary or permanent employee. The contract for the second year classified her as a probationary employee, and in the third year contract she was classified as a "permanent employee." The court held, therefore, that in those circumstances the board was estopped from denying that she was a permanent employee. Here, as shown, each year the resolution of employment stated definitely the capacity in which plaintiff was employed.

Plaintiff contends that the board resorted to the plan of consolidation of the schools for the sole purpose of defeating her permanency as principal-teacher of the Gough School. If, however, as the trial court held, and as we believe correctly, the plaintiff had not acquired such permanency, she was not deprived of any vested right by any action of the board in consolidating the schools; and that being so, she is not in a position to complain of the motives which may have prompted it in so doing, so long as it acted within the law.

Section 5.410 of the School Code has been cited to the effect that it is the duty of city and county boards of education "to employ a principal for each school under their control". We are of the opinion, however, that the requirements of said section have been fully met by the assignment of a principal for the consolidated schools. In answer to plaintiff's objections to the qualifications of Mrs. Tardelli to act as principal of the consolidated schools, it will suffice to say that the latter's qualifications are not an issue in the case, nor is a decision thereon essential to a disposal of the appeal.

Much of the briefs has been devoted to the discussion of the question of whether the action of the board in consolidating the schools was justified under the provisions of section 5.711 of the School Code, which provides: "Whenever it becomes necessary to decrease the number of permanent employees in a school district on account of the discontinuance of a particular kind of service in such district, the governing board may dismiss so many of such employees as may be necessary at the close of the school year. In making such dismissals, employees shall be dismissed in the inverse of the order in which they were employed." It will be observed, however, that by the terms of said section it is made to apply to "permanent employees." Therefore, in view of the conclusion we have reached that the trial court was justified in holding that plaintiff had not acquired permanency as principal of the Gough School, we do not deem it necessary to inquire into the merits of the contentions made by the respective parties relating to said section.

The judgment is affirmed.

Ward, J., concurred.

PETERS, P. J., Concurring.—I concur in the order affirming the judgment, but I disagree with the reasoning contained in the majority opinion. It is held therein that the appellant did not acquire tenure as a principal in the San Francisco school system. It is admitted that, under section 135 of the charter, a person employed as principal for three successive years secures tenure as principal. But the opinion holds that appellant was only employed as principal for two years, and, therefore, did not become a permanent employee. The facts show that in 1930 appellant was employed as "teacher in charge" of the Gough School, and in 1931 and 1932 she was employed as "vice-principal in charge" of that school, and was employed as "principal" only in the years 1933 and 1934. The majority opinion holds that the contract of employment determines whether an employee acquires tenure, and that, under the contracts here involved, she was employed as principal only for two years, and, therefore, did not acquire tenure. That is undoubtedly the usual rule. Obviously, a person who is in fact employed as a vice-principal cannot tack the period so served to the period served as

principal, and then claim that with the consolidated periods he has tenure as principal. But that is not the entire picture of the present case. Appellant served as teacher in the Gough School for many years. She is admittedly competent. In 1930 she was appointed "teacher in charge". From that time until she was appointed principal in 1933, she was the administrative head of that school. After considerable evidence was introduced demonstrating that during those three years she performed all the duties and functions of principal, that she attended meetings called by the superintendent for principals, that she signed, rendered and received reports as principal, and that during all this period she received the salary provided by resolution of the board for principals of schools of the class of the Gough School, the respondents stipulated that during this period appellant "performed the duties that she would have performed had she been appointed as principal . . . We will stipulate that she performed the same duties that she would have performed had she been appointed as principal." There was no other administrative officer at the Gough School. Unless appellant was in fact principal of the school from 1930 to 1933 the respondent board was guilty of a direct violation of the law. Section 5.410 of the School Code provides that, "Boards of school trustees, and city, and city and county boards of education shall have power and it shall be their duty to employ a principal for each school under their control."

Under these circumstances, it seems clear to me that appellant was in fact principal from 1930 to 1933. To hold otherwise is to disregard the admitted facts, and to permit the mere form of the transaction to control its substance.

The majority opinion cites *Hogsett* v. *Beverly Hills School Dist.*, 11 Cal. App. (2d) 328 [53 Pac. (2d) 1009], as supporting the holding that because the contract did not designate appellant as principal for the period in question, that that is determinative of the question of tenure. In that case the teacher desired to tack on one year served as substitute teacher to her probationary period so as to acquire tenure. During the year in question she was not only designated substitute teacher, but she was also paid as such. The duties she performed happened to be the same as those of a permanent or probationary teacher, but they were also the duties of a substitute teacher. Under such circumstances, the court

held that the designation in the contract was controlling. But in the present case the duties performed were those of principal, and not of vice-principal or teacher in charge. The salary paid was the salary paid to principals, and not to vice-principals or teachers in charge. The law required that there be a principal appointed for the Gough School. A school board may not evade the provisions of the tenure act by calling the principal's position by some other name. In my opinion, this case falls squarely within the rule of *Briney* v. *Santa Ana High School Dist.*, 131 Cal. App. 357 [21 Pac. (2d) 610]. In that case the school board attempted to evade the tenure statute by the contention that for one of the three years in question the teacher had not been formally designated as a probationary teacher in the contract of employment. The duties she performed during that year were the duties of a probationary teacher. The court held that the board was estopped to deny that during that year she was not a probationary teacher, and granted her tenure. Any other rule would permit boards of education obviously and easily to evade the basic purpose of the tenure law. For these reasons, I am of the opinion that appellant acquired tenure as principal.

But this holding does not entitle appellant to a reversal. Section 135 of the charter empowers the board to "maintain such schools as are authorized by the laws of the state . . . and to change, modify, consolidate or discontinue the same as the public welfare may require. . . . " Here the board, by proper resolution, consolidated the Gough School with the Sherman School. This, the board was authorized to do. When the two schools were consolidated the position of full time principal of the Gough School no longer existed. Under such circumstances the board, under section 5.711 of the School Code, was authorized to dismiss appellant as principal, even though she was a permanent employee, for the reason that there had been a discontinuance of the position. There are many cases holding that permanent employees properly may be dismissed upon the discontinuance of the service rendered by them. (*Davis* v. *Berkeley School Dist.*, 2 Cal. (2d) 770 [40 Pac. (2d) 835]; *Fuller* v. *Berkeley School Dist.*, 2 Cal. (2d) 152 [40 Pac. (2d) 831]; *Schwalbach* v. *Board of Education*, 7 Cal. (2d) 459 [60 Pac. (2d) 984]; *Walsh* v. *Board of Trustees*, 2 Cal. App. (2d) 180 [37 Pac. (2d) 700].)

These cases not only establish the power of a board of education to discharge a permanent employee upon discontinuance of a service, but also establish the power when the service is not entirely discontinued but only the particular mode of rendering that service is abolished. That is this case. The board has decided to discontinue the position of full time principal of the Gough School, and to consolidate that school with the Sherman School. For this reason the judgment must be affirmed.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1941.