[Civ. No. 2579. Fourth Dist. July 21, 1941.]

RUTH R. KAUKE, Appellant, v. LINDSAY UNIFIED SCHOOL DISTRICT et al., Respondents.

Farnsworth, Burke & Maddox and James K. Abercrombie for Appellant.

Leroy McCormick and Walter C. Haight for Respondents.

CONWAY, J., *pro tem.*—Petitioner and appellant, Ruth R. Kauke, in this action sought a writ of *mandamus* to compel

the defendants, Lindsay Unified School District and the Board of Trustees thereof, to employ her as a full time elementary school teacher under the provisions of the California School Code relating to teachers' tenure. The trial court denied the petition and refused to issue a peremptory writ of mandate, from which ruling this appeal is taken.

This appeal is taken upon the judgment roll, and the findings of fact made by the trial court present the uncontroverted facts of the case. For two years prior to July, 1936, petitioner was employed as a full time elementary school teacher by the Lindsay School District, which school district at all times had an average daily attendance of less than eight hundred and fifty pupils, being so employed for the school years of 1934–35 and 1935–36. On July 1, 1936, pursuant to the provisions of section 2.2011 of the School Code, the Lindsay School District was united with the Lindsay High School District and thereupon became the Lindsay Unified School District, which unified school district at all times had an average daily attendance of more than eight hundred and fifty pupils.

Petitioner was subsequently employed by the Lindsay Unified School District for the school years 1936–37, 1937–38 and 1938–39, and in each instance signed her offer of employment which classified her as a probationary employee of said district. On April 20, 1939, the Board of Trustees of the Lindsay Unified School District notified petitioner that she would not be offered a contract for the school year 1939–40, and dismissed her as an employee of said district. No questions of certification qualifications or of dismissal for cause, or discontinuance of the subjects taught by the petitioner, are here involved.

On August 17, 1939, appellant filed her petition for writ of mandate and an alternative writ was issued and served upon defendants. The trial court denied the writ of mandate from which denial this appeal is taken.

It is petitioner's contention that she had acquired a classification as a permanent téacher, and was not subject to dismissal, except for cause, by reason of the fact that her employment for two years by the Lindsay School District prior to its unification should be counted as a part of her probationary service, and that upon being employed for one full term by the Unified School District and on being rehired,

she automatically obtained a permanent classification, and was not subject by virtue of sections 5.500 and 5.501 of the School Code to dismissal except for cause.

In considering the questions presented on this appeal it should be borne in mind that on July 1, 1936, when the unified district was formed, petitioner had been employed but two years by the Lindsay School District and had attained no other classification than that of probationary teacher.

Since 1931 (Stats. 1931, p. 1394) the legislature has divided school districts into two classes in so far as the teachers' tenure law is concerned, namely, those having an average daily attendance of less than eight hundred and fifty pupils and those having an average daily attendance of eight hundred and fifty pupils or more. The statutes on this subject may now be regarded as falling into two classes; first, those dealing with the subject of teachers' tenure generally and also dealing with the larger schools, and, secondly, those dealing with the smaller schools. In some instances the general enactments were not amended so that they, by their terms, seem to apply to both classes of schools. However, in many instances they are enactments applying specifically to the smaller schools which must be held to limit the general enactments to the larger schools by removing the smaller schools from their provisions where the specific laws are inconsistent with them.

Teachers in the smaller districts can only attain permanent tenure by the affirmative action of the school board. (Sec. 5.501, School Code.) There permanent tenure is not a matter of right arising from continuous service, but is a matter of grace extended to the teacher by the board. In the larger districts tenure is a matter of right following continuous service for three years and reemployment by the school board. (Sec. 5.500, School Code.)

Tenure has its foundation in employment under contract by a school district. (*Gould* v. *Santa Ana High School District*, 131 Cal. App. 345 [21 Pac. (2d) 623].) This being true, it should follow that as the Lindsay Unified School District had an average daily attendance of more than eight hundred and fifty pupils and as petitioner only served that district under contract with it for three years without a renewal of her contract for the fourth year, she did not gain

a permanent status in that district unless there is a statutory enactment requiring that district to give credit for the probationary period served in the Lindsay School District.

On July 1, 1936, when the Lindsay Unified School District was formed, there were in effect sections 2.2101, 2.2102 and 5.667 of the School Code, under the provisions of which this case must be decided.

Section 2.2101 was general in its terms and on its face would seem to apply to both classes of school districts that were unified into a district having an average daily attendance of eight hundred and fifty or over. Section 2.2102 was by its terms made applicable only to the unification of a smaller school district into a larger district. As the provisions of section 2.2102 conflict with those of section 2.2101 and deal with a special subject, it must be held that section 2.2101 deals with the unification of the larger districts and section 2.2102 with unification of a smaller district or districts into a larger district. In this way the apparent conflict between the two sections can be removed.

Section 2.2102 of the School Code provided as follows: "Any probationary employee of an elementary school district or high school district having an average daily attendance of less than eight hundred fifty, who, under the provisions of this article, becomes an employee of a unified school district having a total average daily attendance of eight hundred fifty or more at the end of this third complete consecutive school year of service in such elementary or high school district shall not become a permanent employee of the unified school district until he has served therein for a complete school year immediately following the effective date of the formation of such unified school district and has been reemployed for the succeeding school year."

The provisions of this section are permissive and when read with section 5.501 of the School Code would seem to permit the board of trustees of the unified district to classify the teacher as a permanent employee when the requirements of the section are met.

The third paragraph of section 5.667 of the School Code, in effect at that time, provided as follows:
"Provided, on the consolidation of one or more school districts in which the average daily attendance for the preceding

school year was less than· 850 pupils, with a district or districts in which the average daily attendance was or may become 850 or more pupils, the regular three-year probationary period must be served after the effective date of the consolidation, by any probationary employee who has been serving in a district of less than eight hundred fifty average daily attendance.''

In 1937, the legislature repealed section 2.2102 of the School Code (Stats. 1937, p. 106). The repeal became effective on April 10, 1937. The same legislature amended section 5.667 of the School Code (Stats. 1937, p. 106), the amendment also becoming effective on April 10, 1937. The important part of this amendment here is the change of the words ''one or more school districts'' appearing in the third paragraph of the section we have already quoted to ''two or more school districts.'' In 1939, the legislature again amended the third paragraph of the section by changing the word ''two'' appearing in the 1937 amendment to the word ''one,'' thus restoring the section to the substantial form of 1935. (Stats. 1939, p. 1254.) This amendment went into effect on May 15, 1939, and strongly suggests that the use of the word ''two'' in the 1937 amendment in the place of the word ''one'' in the earlier statute was the result of a typographical error. However, we do not need to place our decision on that ground. We will accept the various sections and amendments literally as passed and as expressing the exact intent of the legislature.

Section 2.2102 of the School Code dealt only with teachers who had served three years as a probationary employee in a smaller district at the time of its unification into a larger district. The provisions of this section should not govern here as they do not fit the facts of this case since petitioner had served but two years as a probationary employee of the Lindsay School District at the time of its unification into the Lindsay Unified School District. This is true because the provisions of the third paragraph of section 5.667 of the School Code, in effect in 1936, cover the precise situation before us. That paragraph of the section required that petitioner serve as a probationary employee of the Lindsay Unified School District three years and be employed for a fourth year before she could become a permanent employee of the unified district.

She entered the employment of that district under the terms of that statute as a probationary employee in 1936 and was so serving on April 10, 1937, when the amendment of that section in that year went into effect. That amendment dealt solely with the unification of two or more of the smaller districts with a third district, so that the resulting unified district had an average daily attendance of eight hundred and fifty or more pupils. We have no such situation here. Two smaller districts were unified and no third district was involved so if we apply the amended third paragraph literally as expressing the intent of the legislature and disregard the apparent typographical error in it, it is not applicable to the situation and cannot govern this decision.

The 1939 amendment, apparently to correct the error in the 1937 amendment, provided that when one or more of the smaller districts are unified with another district so that the unified district shall have an average daily attendance of eight hundred fifty or more pupils, the probationary teacher who had served in one of the smaller districts must serve as a probationary teacher of the unified district for three years and be reemployed for a fourth year before she could attain a permanent status in the unified district. The section as thus amended would require petitioner to have served the unified district three years as a probationary employee and to have been employed for a fourth year before she could gain a permanent status in that district. She was employed for three years as a probationary employee but was not reemployed.

The 1939 amendment, as did the original statute and the 1937 amendment, contained the following:

"The provisions of this section, and all rights hereby granted, shall apply to any such division, uniting, unionization, unification, or consolidation of school districts, or change in school district boundaries or organization, made at any time subsequent to January 1, 1931, to the same extent as changes made subsequent to the effective date of this section, and the provisions hereof shall be, and shall be construed to be retroactive to January 1, 1931."

If this provision be given effect and held to be retroactive according to its terms it is clear that it gave retroactive effect to the third paragraph of the same section (Stats. 1939,

p. 1254), which required petitioner to serve for three years and be reemployed for a fourth year before she could attain a permanent status in the unified district. This should be true as there was no specific provision of the teachers' tenure law covering the exact situation in which petitioner found herself between the April 10, 1937, amendment to section 5.667 of the School Code and May 15, 1939, the effective date of the amendment of that year of the same section.

If we fail to give retroactive effect to the last quoted second paragraph of section 5.667 of the School Code, then it is probable that the concluding clause of the first paragraph of that section, read in connection with section 5.500 of the same code, is controlling here. In the 1937 amendment that clause read as follows: "provided, however, that in case the unionization, unification or consolidation of two or more school districts shall result in a district which, under the provisions of this code then in effect, the certificated employees are entitled to probationary and/or permanent classification, the employees of such union, unified or consolidated district shall be entitled to, and shall be given, such classification, on the same basis as certificated employees in other districts of like average daily attendance."

It may be inferred from the language used that this clause refers to the unification of one or more of the smaller districts with another district so that the resulting unified district has an average daily attendance of eight hundred and fifty pupils and requires the classification of the teachers by the unified district on the same basis as that used in other districts of the same class, namely, the larger districts which must give a permanent classification only to probationary teachers who have served that district as such for three years and are employed for a fourth year. Strength is added to this conclusion by the code provision (section 2.2011 of the School Code) that the existence of the districts unified into the larger districts ends on the unification being completed and the further fact that tenure must be based on employment under contract, express or implied. (*Gould* v. *Santa Ana High School District, supra.*) A unified district could not have employed teachers under contract or otherwise prior to the time it came into existence.

Section 3 of the School Code requires that the provisions of the code be "liberally construed, with a view to effect

its objects and to promote justice.'' While this court is well aware that it is not within its province to legislate by judicial decision, nevertheless it cannot put a strained construction on language used nor should it nullify the intention of the legislature in enacting or amending the statute in question when its intention seems clear from all legislative enactments on the same subject, and confusion or an unreasonable result would be reached by giving literal effect to the exact language used in one code section treating with a subject dealt with in others. ■ There is no dearth of recent cases all enunciating the principle that where its language is subject to two interpretations, it is the intention of the legislature that must be given effect and not the literal interpretation of one portion of a statute. (See, *In re Haines,* 195 Cal. 605 [234 Pac. 883]; *In re Washer,* 200 Cal. 598 [254 Pac. 951]; *Universal Pictures Corp.* v. *Superior Court,* 9 Cal. App. (2d) 490 [50 Pac. (2d) 500]; *Fresno City H. S. Dist.* v. *De Caristo,* 33 Cal. App. (2d) 666 [92 Pac. (2d) 668]; *Southern Pacific Co.* v. *County of Riverside,* 35 Cal. App. (2d) 380 [95 Pac. (2d) 688]; *Jordt* v. *California State Board of Education,* 35 Cal. App. (2d) 591 [96 Pac. (2d) 809]; *Leo* v. *Board of Medical Examiners,* 36 Cal. App. (2d) 490 [97 Pac. (2d) 1046].) In *People* v. *Black,* 45 Cal. App. (2d) 87 [113 Pac. (2d) 746], at page 94, it was said:

''Once the intention of the legislature is ascertained it will be given effect even though it may not be consistent with the strict letter of the statute. (*In re Sekuguchi,* 123 Cal. App. 537 [11 Pac. (2d) 655]; *Crawford* v. *Payne,* 12 Cal. App. (2d) 485 [55 Pac. (2d) 1240].) In construing a statute it must be remembered that no law is to be construed in such a manner as to result in a palpable absurdity. (*People* v. *Craycroft,* 111 Cal. 544 [44 Pac. 463].)''

If we give absolute literal interpretation to the third paragraph of section 5.667 of the School Code as amended in 1937, it would require that a three-year probationary period must be served by a teacher in a unified district of average daily attendance greater than eight hundred and fifty created out of three or more districts, each with an average daily attendance of less than eight hundred and fifty pupils. It might be argued that by implication no such three-year probationary period would be required of a teacher serving in a unified district created out of two, and only two, districts

each with an average daily attendance of less than eight hundred and fifty pupils before unification.

No conceivable basis can be found for such an anomalous classification of unified school districts. If the section is considered in its entirety a manifest intention is disclosed on the part of the legislature to take away no rights from the school employees nor to give them any new ones.

Furthermore it is clear that the legislature intended to give the board within the newly unified district the same length of time as other boards in which to judge its school employees to determine whether or not it wished to hire them for a fourth term, and thus automatically give them a permanent classification, save in those instances wherein the school employees affected by the unification were employed in a school district of an average daily attendance of eight hundred and fifty pupils, or more, who would be deprived of their credit toward permanent classification, which might have been theirs eventually except for unification of their school district with another. The conclusion is entirely reasonable that the substitution of the words "two or more school districts" in the 1937 amendment of section 5.667 of the School Code for the words "one or more school districts" appearing in the original section was the result of a typographical error and did not express the true intention of the legislature in amending the section.

This court must, therefore, hold that petitioner and appellant was not entitled to a permanent classification and that the school board acted within its right in dismissing appellant from its employment at the end of the third year of service as a probationary teacher in the Lindsay Unified School District.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.