[Civ. No. 9585. Second Appellate District, Division Two.—April 23, 1935.]

GOLA M. WOOD, Appellant, v. LOS ANGELES CITY SCHOOL DISTRICT et al., Respondents.

Aaron Turner, John Felton Turner, Lawler & Degnan and M. Philip Davis for Appellant.

Everett W. Mattoon, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondents.

CRAIL, J.—This is an appeal by petitioner from an order of the superior court denying her a writ of mandate. The petitioner contends that she was entitled to a judgment classifying her as a permanent teacher of the respondent school district and to a writ directing respondents to classify her as such and to pay her compensation as such from July

1, 1932, on the ground that she had been successfully employed by the district for two complete consecutive school years in positions requiring certification qualifications during the three years commencing July 1, 1928. Respondents contend that she had not been so employed.

There are three classifications of such employment under the school laws of California—permanent employment, probationary employment and substitute employment. (*Saxton* v. *Board of Education*, 206 Cal. 758, at 761 [276 Pac. 998]; *Grigsby* v. *King*, 202 Cal. 299 [260 Pac. 789].) Subdivision (e) of section 1609 of the School Code during the period involved read as follows: "Boards of school trustees and city . . . boards of education shall have power, and it shall be their duty; to classify as permanent employees all persons . . . who shall have been successfully employed by the district for two or three complete consecutive school years in positions requiring certification qualifications." (Respondent district had adopted the two-year probationary period.) This section marks clearly the distinction between permanent employees and probationary employees. Section 5.520 defines substitute employees as 'those person employed . . . *from day to day for less than one school year,* to fill positions of regularly employed persons absent from service'', etc. The right of a teacher to classification both as a probationary and substitute employee depends upon her contract of employment; and her right to classification as a permanent employee depends upon her contract and her compliance with the provisions of subdivision (e) of section 1609. Our courts have frequently held that a position of teacher in the public school is created by contract. (*Gould* v. *Santa Ana High School District,* 131 Cal. App. 345 [21 Pac. (2d) 623]; *Leymel* v. *Johnson,* 105 Cal. App. 694 [288 Pac. 858].)

The distinctions between the probationary classification and the substitute classification are obvious. The probationary teacher is employed for the full year. The substitute teacher is employed from day to day to serve at the option of the school district in the absence of the regular teacher. The probationary plan was provided so that the school board would have an opportunity to determine, before a teacher should be given a lifetime position in teaching children of the district, whether or not that teacher would

be thoroughly satisfactory. Her ability to impart instruction, her power to hold the attention of the pupils and to maintain order, her power to inculcate principles of righteousness and loyalty and to fill the children with a sense of their obligations to society and to country, all these and other qualifications must be carefully investigated and determined, before the district is obliged to decide and to take the important step of employing her permanently. For such purpose the probationary classification is created. When a regular teacher is absent and a substitute is called in, the continuity of instruction and the orderly program of the pupils is interfered with. The substitute teacher has no satisfactory opportunity to carry out either her own plans or the plans of the regular teacher. A teacher who comes into a classroom for a short period of time and as a mere substitute for the regular teacher does not have presented to her the same problems as those presented to a probationary teacher, nor the same test of her capabilities. For a short time the substitute may be able to maintain order and carry on the assignments of the work along the lines of the regular teacher, but the question whether or not she could do this work with success continuously is one which the district cannot well determine under the circumstances and with which it therefore does not concern itself. It is for these reasons and possibly others that, in order to qualify under subdivision (e) of section 1609 of the School Code, a teacher must have been *employed* for two complete consecutive years. The term employed as used in the California school laws implies and requires services rendered or to be rendered for compensation upon a *written contract* (*Gould v. Santa Ana High School District, supra*), and to be employed for a year a teacher must have a written contract employing her services for a year and not from day to day.

Petitioner's contract during the periods in which she was employed as a substitute teacher read as follows: "You are to be employed as substitute teacher in said School District for service from day to day only, during such portions of the school year . . . as you may be assigned or transferred by said Board to fill the position of a regularly employed teacher absent from service. It is expressly understood that your employment is not for the full school

year but only for such portions thereof as may be required of you, as aforesaid, and shall be a day to day employment." Under the terms of said contract petitioner was not employed for a year. The school board obtained an option thereunder whereby it might employ her from day to day "as you *may be* assigned".

The petitioner does not recognize these distinctions. In our opinion they are distinctions which materially affect her rights. It is our opinion that a teacher in the substitute class, through her teaching as a substitute merely, does not become entitled to permanent classification.

■ ▪The facts in this case are stipulated to. The petitioner served the year 1928–29 as a probationary teacher and served a complete school year. During the middle of the next year she voluntarily changed her classification from that of a probationer to that of a substitute teacher. The next year she served partly in one capacity and partly in the other. Under this situation she is not entitled to a permanent rating.

■ Furthermore, respondents assert with apparent justification that regardless of the distinctions between substitute and probationary employment, petitioner did not *serve* two complete consecutive years as teacher. "Complete" is defined in Webster's Dictionary as "free from deficiency, entire, absolutely finished". In Webster's New International Dictionary the definition appears as, "filled up, with no part, item, or element lacking; free from deficiency, entire, perfect, consummate". It appears that a complete school year of the district consists of approximately 200 teaching days, although it was stipulated that under the rules of the board of education applicable at that time, a teacher who is credited by the board with 195 days during a school year is entitled to credit for a complete school year. Following this rule the year 1928–29 of petitioner was a complete school year. The year 1929–30 petitioner was credited with and was paid for only 191 days. That was not a complete school year. The year 1930–31 was again a complete year, but not having served a complete year the year before, she was starting all over again. Using service only as the test, petitioner's contention is not sustained by

the facts. For the reasons stated the petitioner is not entitled to permanent classification.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.