[Civ. No. 9846. Second Appellate District, Division One.—January 20, 1936.]

JUANITA M. BENOIST HOGSETT, Appellant, v. BEVERLY HILLS SCHOOL. DISTRICT OF BEVERLY HILLS, CALIFORNIA, et al., Respondents.

Gladys Towles Root and Edmund Nichols for Appellant.

Robert A. Odell, Tanner, Odell & Taft and Ray C. Eberhard, as *Amici Curiae* on Behalf of Appellant.

Everett W. Mattoon, County Counsel, and William B. McKesson, Deputy County Counsel, for Respondents.

SHINN, J., *pro tem.*—Petitioner's case was presented to the trial court upon an agreed statement of facts. Having served in the schools of Beverly Hills School District for three complete consecutive school years, from 1929 to 1932, as a probationary teacher of music, that being a position requiring certification qualifications, and having been employed thereafter as a substitute teacher, petitioner claims the right to classification as a permanent employee, under the provisions of the School Code of California (secs. 5.500 et seq.). This classification was denied to her by the board of trustees of the school district and by the trial court.

On May 12, 1932, before the expiration of the third year of petitioner's employment, she was notified by the trustees of the school district that her services as a probationary teacher would terminate with the close of the school year, June 17, 1932, which notification came by letter reading in part as follows: "However, you will be offered a substitute contract as recommended by Mr. Hummel, which will provide you with an opportunity of teaching two-thirds of each day during the next school year. We regret that we are

unable to keep all of our music teachers on full time.'' On May 24, 1932, a contract of employment was entered into between petitioner and the school district reading in part as follows:

''1. You are to be employed as a substitute music teacher (See paragraphs 2a, 2b and 2c below) in said school district for the school year beginning July 1, 1932 subject to the provisions of the statutes of the State of California and to all rules and regulations of said board relating to teaching service and kindred matters, including assignment subject to transfer as the needs of the schools require. . . .

''2a. Full-Time Teacher: Services shall be rendered by a regular full-time teacher in pursuance of said provisions governing salaries for such time subsequent to your assignment as school shall be maintained in said school district, during said school year, which time shall be determined hereafter by said board.

''2b. Partial-Time Teacher: Services shall be rendered by a partial-time teacher in pursuance of conditions named in paragraph 2 governing salaries, at the times and for the periods during said school year that shall be designated by the governing board not inconsistent with the following stipulations, to-wit: . . . the making and/or the termination of any assignment or transfer not inconsistent with the above stipulations shall be wholly optional with said board according to the needs of the district.

''2c. Substitute Teacher: Services shall be rendered by a substitute teacher from day to day only, during such portions of the school year above named as you may be assigned or transferred by said board to fill the position of a regular teacher absent from service. It is expressly understood that the employment of a substitute teacher is not for the full school year, but only for such portions thereof as may be required of you, as aforesaid, and shall be a day-to-day employment. A substitute teacher shall be assigned or transferred after assignment, at the times and for the periods during said school year as shall be designated by said board, and compensation shall be paid for such time only as service is performed by the substitute teacher in pursuance of assignment and transfer ordered by the governing board. The acceptance of employment as a substitute teacher shall

not be construed to render you ineligible to subsequent employment as a regular probationary teacher.

"3. The governing board will pay for services rendered at the rate specified in paragraph 2 above for each and every day, or portion of a day, during which you are actually engaged in rendering service, will pay for other time during the year named only as provided by the rules and regulations of the governing board in harmony with the laws of the State of California. . . .

"5. Upon your acceptance hereof, you shall be under employment in the above named school district as a substitute teacher."

Thereafter during the school year of 1932–1933, petitioner rendered services as a teacher of music for two-thirds of each school day and two other music teachers did the same, that is to say: the three teachers divided equally among them the work of two full-time teachers, each teaching two-thirds of each day.

Petitioner's rights are governed by certain provisions of the School Code. Section 5.500 reads as follows:

"Every employee of a school district of any type or class, who after having been employed by a school district for three complete consecutive school years in a position, or positions, requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year, be classified as and shall become a permanent employee of the district."

Section 5.503 provides:

"A probationary employee who in any one school year has served for at least seventy-five per cent of the number of days the schools of the district in which such employee is employed are maintained shall be deemed to have served a complete school year."

Section 5.690 provides:

"Boards of school trustees, and city, and city and county boards of education shall have power and it shall be their duty to dismiss substitute employees at any time at the pleasure of the board."

Under section 5.691 temporary employees may be dismissed at the pleasure of the board.

Petitioner's services as a probationary teacher had been completed. If she was "reelected for the next succeeding school year", the fourth year of her employment, she was entitled to classification as a permanent teacher at the commencement of her fourth year of service. If she was not so reelected for the next succeeding school year she was not entitled to that classification. The classes of teachers to be considered in this connection are the following: permanent, probationary, and substitute teachers (School Code, secs. 5.500–5.521, inclusive). Permanent and probationary teachers are regular teachers having positions of their own. Substitute teachers are "those persons employed in positions requiring certification qualifications from day to day for less than one school year, to fill positions of regularly employed persons absent from service or who are employed in positions requiring certification qualifications in emergency or temporary schools or classes". (Sec. 5.520.)

It is necessary to determine what is meant by the word "reelected" as that word is used in section 5.500. There is a wide distinction between the status of probationary and permanent employees on the one hand and substitute employees on the other; the former, as the classification indicates, have positions of their own from which they cannot be removed except for cause and after a hearing; the latter have no positions of their own but occupy, temporarily, positions belonging to probationary or permanent teachers. Furthermore, teaching as a substitute does not qualify one to become a permanent teacher. (*Wood* v. *Los Angeles City School Dist.,* 6 Cal. App. (2d) 400 [44 Pac. (2d) 644].) Permanent or probationary teachers are employed for a year (sec. 5.401). Substitute teachers are employed from day to day and may be dismissed at the pleasure of the board. Petitioner claims that when she was employed as a substitute teacher she was reelected within the meaning of section 5.500. We are unable to agree that this is true. We think the reelection intended by the legislature is one which would result in the retention of the employee for another year in that class of employees to which the employee reelected belongs; in other words, that the employee must be elected to a position of his own, having previously held either a probationary or a permanent position. From the fact that the reelection must be to a position requiring certification qualifications it

is not to be understood that one is "reelected" merely because he may be employed for some further period in any position requiring certification qualifications. The provision means no more than that reemployment in a position not requiring certification qualifications would not be the "reelection" required to bring the employee within the class of those entitled to permanent classification. The word "reelected" is found in section 5.401 and as used in that section it means that one who is elected to a position already held is "reelected". This reelection, as section 5.401 expressly provides, is not for a temporary period nor to a temporary position, but to a position which lasts throughout the year, that is to say, the reemployment is on a yearly basis. The word is not used in section 5.500 in any different sense. The employment of a probationary teacher to render future services as a substitute teacher would not amount to "reelection" within the meaning of the statute nor give the teacher a position of her own where she had been elected to fill only temporary vacancies in the positions of others.

We are also of the opinion that petitioner was not reelected for the "next succeeding school year". Section 5.401 does not apply to the case of a teacher who is elected as a substitute, and petitioner cannot claim under that section a yearly employment. Sections 5.520 and 5.690 specifically apply to substitute employees. By the terms of the statute and the contract, as well, petitioner's reemployment was from day to day and not for a year.

Section 5.503 does not apply to the case. The provision of that section that a probationary employee, who serves at least seventy-five per cent of the number of days that school is maintained in the district, shall be deemed to have served a complete school year, relates to the complete school year referred to in section 5.500. It defines what a complete school year is, which definition was lacking in the law prior to the adoption of section 5.503 as a new section by Statutes of 1931, page 1395. Petitioner's status is governed by the law and by the conditions of her reemployment. The number of days she may have served as a substitute teacher has nothing to do with her classification. The fact that she was allowed to work two-thirds of each school day is a mere circumstance. The board was under no obligation to furnish her employment if there were employed in the district suffi-

cient regular teachers to do the necessary teaching. Whether petitioner worked one day during the year or every day makes no difference. In either case she was merely a substitute teacher. It appears that if petitioner had not been employed as a substitute teacher she would not have been reemployed at all. In fact, the board had refused to employ her in any other capacity. We cannot subscribe to the belief that she has been accidentally or inadvertently classified by the board as a permanent teacher. The board understood that peti- tioner was not being reelected for the ''next succeeding school year'', and we think the board was undoubtedly correct in this understanding. Petitioner's contract expressly so pro- vides. ■ We believe there is no reason to doubt that the code sections we have quoted were designed to give the board the right to employ a probationary teacher as a substi- tute teacher without giving her the status of a permanent teacher. Any other construction of the statutes, we think, would be unreasonable, as well as quite impracticable. The provisions of the School Code, providing for permanent tenure of employees, should receive a construction in harmony with their well-understood purpose to retain in their positions teachers and other employees who have demonstrated their fitness to fill positions created and maintained by school dis- tricts. The purpose is not to create new positions for teachers or other employees. Petitioner's claims are there- fore unfounded and the court properly denied her the writ of mandate she sought.

The judgment is affirmed. The attempted appeal from an order refusing to vacate the judgment is dismissed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.