[Civ. No. 15123.   Second Dist., Div. One.   May 31, 1946.]

CHARLES ELDRED HAM, Appellant, v. LOS ANGELES CITY HIGH SCHOOL DISTRICT OF THE COUNTY OF LOS ANGELES et al., Respondents.

Willedd Andrews for Appellant.

Harold W. Kennedy, County Counsel, S. V. O. Prichard, First Assistant County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

YORK, P. J.—This is an appeal by the plaintiff from a judgment by which he was denied a writ of mandate requiring defendants to classify him as a permanent teacher of defendant school district.   It is here contended that the findings are against the evidence and do not support the judgment.

Prior to the opening of school in September, 1938, appellant, as the holder of a general secondary teacher's credential entitling him to teach any subject in the high schools of the state, qualified for a position as teacher of music in the Los Angeles City High School District, and was placed upon a list of persons available for appointment as a probationary teacher of music whenever such position became available.

On August 26, 1938, appellant was offered and accepted an appointment as a substitute teacher by which he was subject to be called to substitute from day to day for teachers

who were absent from service in the school district. Instead of assigning him on day to day assignments of teachers, who promptly returned to service, the personnel office of the respondent school district assigned appellant to substitute for a teacher who was on leave of absence for the entire school year of 1938-1939, and appellant taught as a substitute for such absent teacher for the entire school year. At the beginning of each school year thereafter, to and including the school year of 1944-1945, appellant was offered and accepted a renewal of the appointment as a substitute teacher in the place of a teacher absent from service on leave of absence, so that in each school year from 1938-1939 to and including 1944-1945, appellant taught continuously in the respondent school district more than 75 per cent of the number of days the schools were operating.

Since the fall of 1939, appellant has taught continuously as a substitute at the Van Nuys High School, a high school of respondent district. Prior to 1943-1944, he taught band and instrumental music, and subsequent thereto, he taught mathematics.

On March 14, 1945, appellant was notified by respondents that he had been elected a probationary teacher effective as of January 29, 1945. He formally accepted a contract as such probationary teacher and at all times since then, he has been teaching as a probationary teacher and has been paid the salary therefor.

Appellant urges that having been employed at the Van Nuys High School for more than five years on a year to year, and not a day to day, basis, he is entitled to be classified as a permanent employee of the district, pursuant to section 13081 of the Education Code, to wit:

"*Employees reelected after three years' employment: School districts having average daily attendance of 850 or more.* Every employee of a school district of any type or class having an average daily attendance of 850 or more, except a joint union or union high school district maintaining eight or more schools lying not less than six miles apart, who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

In this connection appellant argues that "like many of the other so-called long-term substitutes," he has been assigned each year "to a regular position in the same manner as teachers with tenure," and the fact that he was called a "substitute" by the school board cannot defeat the purpose of section 13081, *supra*, "which was designed to give a measure of security to those who serve as teachers three complete consecutive years."

The Education Code recognizes four classifications of certificated employees: (1) Permanent (§§ 13081 et seq.); (2) Probationary (§ 13100); (3) Substitute (§ 13103); (4) Temporary (§ 13104).

In addition to section 13081, *supra*, those provisions of the Education Code which govern appellant's rights appear to be as follows:

"13099. A probationary employee who, in any one school year, has served for at least 75 per cent of the number of days the regular schools of the district in which he is employed are maintained shall be deemed to have served a complete school year. . . .

"13103. Governing boards of school districts shall classify as substitute employees those persons employed in positions requiring certification qualifications, to fill positions of regularly employed persons absent from service.

"13611. Governing boards of school districts may dismiss substitute employees at any time at the pleasure of the board.

"13807. The governing board of any school district may employ such substitute employees of the district at it deems necessary from month to month and may adopt a salary schedule for substitute employees. . . ."

In *Hogsett* v. *Beverly Hills School District*, 11 Cal.App.2d 328 [53 P.2d 1009], the plaintiff had served three complete consecutive years as a probationary teacher and was then employed as a substitute teacher. Upon such record she sought to compel her classification as a permanent teacher. It was there held (p. 332): "It is necessary to determine what is meant by the word 'reelected' as that word is used in section 5.500 [now 13081, Ed. Code]. There is a wide distinction between the status of probationary and permanent employees on the one hand and substitute employees on the other; the former, as the classification indicates, have positions of their own from which they cannot be removed except for cause

and after a hearing; the latter have no positions of their own but occupy, temporarily, positions belonging to probationary or permanent teachers. Furthermore, teaching as a substitute does not qualify one to become a permanent teacher. (*Wood* v. *Los Angeles City School Dist.*, 6 Cal.App.2d 400 [44 P.2d 644].) Permanent or probationary teachers are employed for a year (sec. 5.401). Substitute teachers are employed from day to day and may be dismissed at the pleasure of the board. . . . We think the reelection intended by the legislature is one which would result in the retention of the employee for another year in that class of employees to which the employee reelected belongs; in other words, that the employee must be elected to a position of his own, having previously held either a probationary or a permanent position. . . . The employment of a probationary teacher to render future services as a substitute teacher would not amount to 'reelection' within the meaning of the statute nor give the teacher a position of her own where she had been elected to fill only temporary vacancies in the positions of others. . . . Petitioner's status is governed by the law and by the conditions of her reemployment. The number of days she may have served as a substitute teacher has nothing to do with her classification. The fact that she was allowed to work two-thirds of each school day is a mere circumstance. The board was under no obligation to furnish her employment if there were employed in the district sufficient regular teachers to do the necessary teaching. Whether petitioner worked one day during the year or every day makes no difference. In either case she was merely a substitute teacher.''

See, also, *Wood* v. *Los Angeles City School Dist.*, 6 Cal. App.2d 400, 402 [44 P.2d 644], where the court, after examining the various sections of the School Code practically identical to the sections of the Education Code, hereinbefore referred to, stated as follows: ''The distinctions between the probationary classification and the substitute classification are obvious. The probationary teacher is employed for the full year. The substitute teacher is employed from day to day to serve at the option of the school district in the absence of the regular teacher.''

Following the holding in the Hogsett case, *supra,* the Legislature placed the same construction upon the character of substitute teaching by adding section 5.507 to the School Code (Stats. 1939, p. 1251, now Ed. Code, § 13100), to wit:

"13100. If an employee of a school district has served as a probationary employee of the district in a position requiring certification qualifications, for one complete school year, and in the year immediately preceding the service as probationary employee has served as a substitute employee, or as a substitute and probationary employee, serving in both capacities during the same school year in the schools of the district, at least 75 per cent of the number of days the regular schools of the district were maintained, the governing board of the district may count the year of employment as a substitute or as a substitute and probationary employee as one year of the probationary period which he is required by law to serve as a condition to being classified as a permanent employee of the district."

The evidence adduced herein, which is not disputed, shows that appellant was employed and actually taught as a substitute teacher during the period in question up to January 29, 1945, when he was elected a probationary teacher by respondent school board. In view of the interpretation placed upon the sections of the Education Code which are applicable to the instant case, it is obvious that appellant is not entitled to the classification of a permanent employee by operation of law.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellant's Petition for a hearing by the Supreme Court was denied July 29, 1946. Carter, J., voted for a hearing.