[Civ. No. 6497.   Fourth Dist.   Jan. 4, 1962.]

HAZEL MATTHEWS, Plaintiff and Respondent, v. BOARD OF EDUCATION OF THE CITY OF SAN DIEGO et al., Defendants and Appellants.

Henry A. Dietz, County Counsel, and Donald L. Clark, Deputy, for Defendants and Appellants.

Gostin & Katz and Irwin Gostin for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal from a judgment and order granting a peremptory writ of mandate to compel defendant Board of Education to hold a hearing on petitioner's termination of employment.

## Facts

The facts are without conflict. Petitioner called no witnesses. She did not take the witness stand herself. The only testimony given was by Lester Wahrenbrock. None of his testimony was contradicted. Defendants are the Board of Education governing the San Diego Unified School District. This district has an average daily attendance of more than 85,000 pupils. In the school year 1959-1960 the district had 85 teachers on leaves of absence for various causes, including military service, maternity and sabbatical year. In that year 41 substitute teachers were employed, of which petitioner was one. Petitioner was properly certificated. She was employed on a written contract which designated her as a "leave substitute" for the year on an annual salary. From the commencement of the school term until April 11, 1960, she was carried

on the school records as the substitute for a teacher named Betty Lewis, who was then on maternity leave. On April 11, 1960, Betty Lewis resigned and on that day or the next the school records were changed to designate petitioner as the substitute for Winifred Dunbar, who was then on sabbatical leave. At the end of the school year petitioner was duly notified that her employment was terminated. She demanded a hearing before the Board on the question of termination of her employment, contending that she was a probationary teacher. This demand was refused. She filed this action for writ of mandate to compel a hearing. The writ was granted and defendants appeal.

### SUBSTITUTE OR PROBATIONARY TEACHER

Defendants contend on this appeal that under the facts related the trial court erred in finding that petitioner was a probationary employee rather than a substitute employee. With this contention we agree.

There are four principal classes of teacher employees provided by the law controlling our public schools. They are: permanent, probationary, substitute and temporary. The parties have each conceded that petitioner herein is neither a permanent nor a temporary employee. Therefore, no discussion of those classes is necessary. Sections of Education Code particularly pertinent are concise and read as follows:

"§ 13334. Classification of probationary employees. Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees.

". . . . . . . . . . . .

"§ 13336. Classification of substitute employees. Governing boards of school districts shall classify as substitute employees those persons employed in positions requiring certification qualifications, to fill positions of regularly employed persons absent from service.

". . . . . . . . . . . .

"§ 13445. Dismissal of substitute employees. Governing boards of school districts may dismiss substitute employees at any time at the pleasure of the board."

Section 13335 provides for classification at the time of employment. Section 13444 provides for dismissal of probationary employee for cause only. Sections 13506 and 13508 provide that the governing board may employ such substitute

employees as it deems necessary from month to month and may adopt a salary schedule for substitute employees.

The petitioner herein argues that section 13508 is restrictive and not enabling and that the governing board had no power to employ petitioner for substitute work for a full school year. If this matter came before us on the application of a regular teacher on leave seeking to be reinstated to her position as against a substitute teacher, such a contention would require serious consideration. The Attorney General has heretofore ruled that under such conditions a regular teacher returning from military leave would be entitled to reinstatement and that the substitute position for a full school year could not stand. (7 Ops. Cal. Atty. Gen. 87.) However, petitioner here presents a contention which is essentially the reverse of the problem with which the Attorney General was confronted. Here the petitioner, after signing a contract in which both she and the defendants in writing agreed that she would serve as a substitute teacher for the school year 1959-1960, now seeks to abrogate such agreement on the ground that the board had no right to employ her as a substitute on any other basis than from month to month. She seeks to compel the substitution by operation of law of an agreement which neither party intended at its inception and which is contrary to the written contract of the parties.

At the outset it should be pointed out that paragraph 4 of conclusions of law, wherein the court found, ''Petitioner was not employed to fill the position of a teacher absent from service and was never informed in any manner that she was so employed,'' is contrary to the undisputed evidence. It will be seen from the foregoing statement of facts that the only evidence received was that she was employed to fill the position of an absent teacher and the contract which she herself signed specifically designated her as a substitute. Petitioner herself did not take the witness stand. It was stipulated she signed the contract. There was no testimony of any kind that she did not read the contract or that she was under any misapprehension respecting her position as a substitute.

The law expressly provides for leaves of absence for illness, accident, quarantine, maternity, sabbatical study and travel, and war service, and for return to their regular position after such leave, of teachers with tenure. (Ed. Code, §§ 13450-13470 and 13552.) Defendant school district, at the time petitioner was employed, had 85 teachers absent on leave. The school district was potentially obligated to return to regular

duty all of these teachers upon termination of their leaves. Forty-one substitutes were employed. In effect, defendants said in their contract to petitioner, "Due to the number of teachers on leave, we are satisfied that we can guarantee to you that your service as substitute will be needed throughout the entire school year, so you need not worry about the uncertainty of having your employment renewed each month." What the effect on the contract would have been had all the teachers on leave returned to service before the end of the school year we need not decide, for that did not occur. The analysis by defendants of their district's personnel need proved justified and the petitioner received the benefit of defendants' sagacity in personnel need analysis. She did not, in fact, suffer any interruption of service or pay.

The judgment as rendered would penalize the defendants for their assurance to petitioner of a full year of continuous service and pay. If allowed to stand as a rule of legal precedence it would penalize every substitute teacher in the state and every board of education similarly situated. Each board would be compelled, for the protection of its district's personnel organization and finances, to hire every substitute without continuity of school term service. The position of the substitute would be one of month to month uncertainty and the board would be in the same position of uncertainty. Nothing in the statutes as written compels any such result.

It is worthy of note that prior to 1935, School Code section 5.520 (predecessor of Ed. Code, § 13336) contained a provision that substitute teachers are "those persons employed in positions requiring certification qualifications from day to day for less than one school year, to fill positions of regularly employed persons absent from service . . ." etc. In that year said section was amended and the words, "from day to day for less than one school year" were deleted and stricken from the statute, so that the statute as it thereafter read and now reads, directs classification as substitute employees those persons employed "to fill positions of regularly employed persons absent from service." No time qualification is contained in the section.

It has been repeatedly recognized that unless statutory mandate compels otherwise, the position of the teacher is created and fixed by the terms of the contract of employment. As was said in *Richardson* v. *Board of Education*, 6 Cal.2d 583, 586 [2-3] [58 P.2d 1285], "The relation between the teacher and the school district is one that is created

by contract. [Citations.] . . . Plaintiff's rights are governed by the contract in all matters in which the law leaves the parties free to contract. . . . The provisions of the contract, therefore, are controlling. . . ." In *Holbrook* v. *Board of Education*, 37 Cal.2d 316, 331 [3] [231 P.2d 853], the court says, "The relationship between respondent board and appellant is that of employer and employee and this relationship is created by contract." It is, of course, true that the terms of the contract may be and often are controlled by mandatory provision of statute. (*Fry* v. *Board of Education*, 17 Cal.2d 753, 760 [6] [112 P.2d 229]; *Fidler* v. *Board of Trustees*, 112 Cal.App. 296, 306 [296 P. 912]; *Gould* v. *Santa Ana High School Dist.*, 131 Cal.App. 345, 349 [21 P.2d 623].) ▮ But no statute has been called to our attention and we have found none that requires the classification of the substitute teacher as probationary.

In *Ham* v. *Los Angeles City High School Dist.*, 74 Cal.App. 2d 773, 777 [169 P.2d 646], the court reached the same conclusion, although in that case the teacher had taught as a full term substitute for five consecutive years before finally being elected a probationary teacher, and then claiming to have automatically become a permanent employee. Speaking of those five years of substitute work, the court said,

"The evidence adduced herein, which is not disputed, shows that appellant was employed and actually taught as a substitute teacher during the period in question up to January 29, 1945, when he was elected a probationary teacher by respondent school board. In view of the interpretation placed upon the sections of the Education Code which are applicable to the instant case, it is obvious that appellant is not entitled to the classification of a permanent employee by operation of law."

▮ In dealing with a teacher's contention that after she had served three years as a probationary teacher and had been employed for the fourth year as a substitute she was entitled to classification as a permanent employee under the law as it read in 1932, the court, in *Hogsett* v. *Beverly Hills School Dist.*, 11 Cal.App.2d 328, 332 [1] [53 P.2d 1009], said,

"There is a wide distinction between the status of probationary and permanent employees on the one hand and substitute employees on the other; the former, as the classification indicates, have positions of their own from which they cannot be removed except for cause and after a hearing; the latter have no positions of their own but occupy, temporarily,

positions belonging to probationary or permanent teachers. Furthermore, teaching as a substitute does not qualify one to become a permanent teacher.''

Respondent cites such authorities as *La Shells* v. *Hench,* 98 Cal.App. 6 [276 P. 377]; *Wood* v. *Los Angeles City School Dist.,* 6 Cal.App.2d 400 [44 P.2d 644]; *Hogsett* v. *Beverly Hills School Dist., supra*; *Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267 [49 P.2d 320]; *Barnhardt* v. *Gray,* 15 Cal. App.2d 307 [59 P.2d 454]; and the opinion of the Attorney General hereinbefore referred to, to the effect that the contract was as to the defendant board ultra vires and void and that therefore it should on its face be reformed and rewritten so that in place of the word ''substitute'' would be inserted the word ''probationary.'' The *La Shells* case involved employment of a teacher for five years under probationary classification in the face of direct statutory mandate then set forth in section 1609 of the Political Code providing that upon her reelection for the third successive year she automatically became a permanent teacher. No similar mandate is to be found in today's statutes relating to substitute teachers. The *Wood* case merely deals with the employment of a substitute from day to day under the statute as it then stood. As we have already pointed out, the statute has been changed. The *Barnhardt* case holds that the teacher did not reach a permanent status because she had not been elected for the fourth consecutive year. The *Spencer* case deals with a fraudulent pro forma resignation designed to defeat the direct mandate of statute. The *Hogsett* case involved reemployment of a probationary teacher as a substitute. The substitute contract was held valid.

### Class Assignment

Petitioner contends that her assignment to teach in a school that had not been in physical existence previously shows that she was not in truth substituting for another teacher. With this we cannot agree. Nothing in the evidence shows or even suggests that she was certificated to teach in a different class or on different subjects from those of the teacher for whom she substituted. The assignment of teachers to classes for which a teacher is certificated is entirely within the discretion of the governing board. A teacher does not acquire tenure in a particular class or room. She is assigned to duty within the scope of her certification wherever she is needed in the schools of the district. (*Mitchell* v. *Board of Trustees,* 5 Cal.App.2d 64, 69 [4] [42 P.2d 397]; *Anderson*

v. *Board of Education,* 126 Cal.App. 514, 520 [3] [15 P.2d 774, 16 P.2d 272]; *Cullen* v. *Board of Education,* 126 Cal. App. 510, 512 [2] [15 P.2d 227, 16 P.2d 272]; Ed. Code, §§ 984, subd. (a), 1002.)

The judgment and order are reversed.

Griffin, P. J., and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 28, 1962.