Filed 10/30/14

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

LORI EDWARDS,

      Plaintiff and Appellant,

v.

LAKE ELSINORE UNIFIED SCHOOL
DISTRICT et al.,

      Defendants and Respondents.

E057413

(Super.Ct.No. RIC10018494)

OPINION

APPEAL from the Superior Court of Riverside County. Mac R. Fisher, Judge. Affirmed.

Lori Edwards, in pro. per., for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Mark W. Thompson and Brooke E. Jimenez for Defendants and Respondents.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part V.

1

I

INTRODUCTION

Plaintiff Lori Edwards (Edwards) appeals from the trial court's ruling denying her petition for writ of mandate, challenging Edwards's classification and payment as a substitute teacher for the 2007/2008 school year. Edwards contends that, because she provided teaching services during the entire school year, she was a permanent employee and therefore was unlawfully deprived of a retroactive salary increase (backpay) for the 2007/2008 school year. Edwards also contends the trial court erred in finding her writ petition barred by the three-year statute of limitations.

We conclude Edwards's writ petition was not barred by the statute of limitations because the limitation period was tolled while Edwards was pursuing internal administrative remedies. Nevertheless, we conclude the trial court did not err in denying Edwards's petition on the grounds the Lake Elsinore Unified School District (School District) did not misclassify Edwards as a substitute teacher and was not required to pay Edwards backpay. The judgment is affirmed.

II

FACTS AND PROCEDURAL BACKGROUND

The School District hired Edwards as a certificated employee in July 2003. She was hired as an elementary school teacher for the 2003/2004 school year. After teaching for two consecutive school years, Edwards became a permanent employee. Edwards continued teaching until she voluntarily resigned in July 2006.

2

On January 8, 2007, Edwards applied for reemployment with the School District. On May 24, 2007, Edwards acknowledged receipt of a School District notice entitled, "Initial Notification of Reasonable Assurance of Employment." Edwards filled out and signed the bottom portion of the notice, acknowledging she received the notice and was requesting employment as a substitute teacher. On May 24, 2007, Edwards also completed and signed a form entitled, "Permissive Election and Acknowledgment of Receipt of CALSTRS[1] Defined Benefit Plan Membership Information." On this form, Edwards stated her position title was "Substitute Teacher." In addition, on May 24, 2007, Edwards filled out a form entitled, "LAKE ELSINORE UNIFIED SCHOOL DISTRICT Substitute Employee Management System Certificated Substitute Employee Profile," which specified the subjects, grades, and teaching locations Edwards was requesting.

The School District Personnel Services division issued a notice on June 8, 2007, stating that the School District had employed Edwards as a certificated substitute teacher, effective June 8, 2007. The notice does not indicate to whom it was provided. Edwards began substitute teaching on August 11, 2007. The School District called her the day before she began teaching and told her to report to the classroom of elementary school teacher Maria de Los Angeles Guillen. Guillen was a categorically funded employee, who was on medical leave for an indefinite period of time. Edwards taught in Guillen's classroom during the entire 2007/2008 school year. Edwards submitted signed substitute time sheets to the School District throughout the 2007/2008 school year. The time sheets

---

[1] California State Teachers' Retirement System.

3

each state at the top of the form, "SUBSTITUTE TIMESHEET." Underneath there is a column heading, "Substitute for Whom & Position Title," in which Edwards wrote "M. Guillen."

The School District paid Edwards in accordance with its substitute salary schedule. Edwards testified she did not get paid until October 2007. When she received her first paycheck, she noticed the School District initially underpaid her and called the School District in October 2007 to report the error based on the salary schedule for certificated teachers. Edwards was told she was paid as a substitute teacher. On the last timesheet for the 2007/2008 school year, Edwards wrote on the bottom of the signed timesheet that she had been paid incorrectly. Edwards stated she should be paid as a permanent tenured employee. Edwards further stated she nevertheless was signing the timesheet because she needed to receive at least some portion of her pay "to [sustain] me until you fix my mis-classification and pay me correctly according to the CA Educational Codes. I appreciate your prompt correction of my pay this month . . . . Because I have been waiting for a very long time!"

By letter dated May 26, 2008, to Kip Meyer, Assistant Superintendent of Personnel Services, Edwards requested the School District resolve her misclassification as a substitute teacher for the 2007/2008 school year and pay her backpay for the misclassification. Edwards sent a letter dated July 30, 2008, to the superintendent, asserting that the superintendent had not fully addressed her complaint submitted on June 30, 2008, in which she objected to having been misclassified and paid as a substitute teacher during the 2007/2008 school year.

4

By letter dated August 12, 2008, the School District superintendent responded to Edwards's objection to her classification as a substitute teacher. The superintendent informed Edwards that he had concluded Edwards was not misclassified when she was hired as a substitute teacher. The superintendent provided detailed explanations in response to each of Edwards's contentions. On August 19, 2008, the School District offered Edwards a regular (non-substitute, permanent or probationary) teaching position for the 2008/2009 school year.

On August 21, 2008, the School District Board of Education (Board) met and considered Edwards's complaint that she should have been classified as a permanent teacher, rather than as a substitute during the 2007/2008 school year. By letter dated August 26, 2008, the Board president notified Edwards that the Board had rejected her claim. The Board president explained in the letter that, because Edwards had resigned in 2006, the School District was not required to rehire her but nevertheless did so as a substitute teacher. Because Edwards had served more than 75 percent of the 2007/2008 school year as a substitute teacher, she was entitled to priority in any regular teaching position vacancy for the 2008/2009 school year under Education Code section 44918.[2] Accordingly, the School District placed Edwards in a vacancy. In addition, Edwards was told that under section 44931, the School District had restored her to permanent status as of August 2008. The Board affirmed the superintendant's decision that Edwards had been correctly classified as a substitute.

_____

[2] Unless otherwise noted, all statutory references are to the Education Code.

On February 25, 2009, Edwards filed a Level 1 grievance with the Board, alleging she had been misclassified in the 2007/2008 school year. Following a Board hearing on August 13, 2009, the Board voted unanimously to deny Edwards's claim. By letter dated August 19, 2009, the Board notified Edwards's Lake Elsinore Teachers Association (LETA) grievance representative of the Board's decision.

On September 17, 2010, Edwards filed a verified petition for writ of mandate under Code of Civil Procedure section 1085, alleging the School District misclassified and underpaid her as a substitute teacher during the 2007/2008 school year. Edwards further alleged the School District should have given her a retroactive salary increase after she was rehired as a regular teacher for the 2008/2009 school year. In Edwards's amended writ petition, she removed her claims for race discrimination and denial of family medical leave.

On August 9, 2012, the trial court heard Edwards's writ petition, took the matter under submission, and issued an order on August 17, 2012, denying the petition on the grounds Edwards's employment during the 2007/2008 school year was not a reappointment under section 44931, she was not entitled to a retroactive salary increase for 2007/2008 under section 44918, Edwards was aware she was serving as a substitute teacher during the 2007/2008 school year, and Edwards's petition was barred by the three-year statute of limitations. Edwards filed a motion for reconsideration/new trial ("rehearing"), which the trial court denied on the ground Edwards had not presented any material new facts or law.

6

III

STANDARD OF REVIEW

"Generally, for a writ of mandate to issue, two basic requirements are essential, namely, a clear, present and usually ministerial duty on the part of the defendant and a clear, present and beneficial right in plaintiff to performance of that duty. [Citations.]" (*Taylor v. Board of Trustees* (1984) 36 Cal.3d 500, 507.) In reviewing a trial court's judgment on a petition for writ of mandate, we apply the substantial evidence test to the trial court's factual findings and exercise our independent judgment on legal issues, such as the interpretation of statutory provisions. (*City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 226.)

Here, the material facts are undisputed. We therefore review the matter de novo and exercise our independent judgment in determining whether the trial court erred in denying Edwards's writ petition.

IV

CLASSIFICATION OF EDWARDS AS A SUBSTITUTE TEACHER

The Education Code prescribes four classifications for certificated teachers, such as Edwards. The four classifications of employment are (1) permanent, (2) probationary, (3) substitute and (4) temporary. (§§ 44915, 44919; *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 (*Kavanaugh*); *Bakersfield Elementary Teachers Assn. v. Bakersfield City School Dist.* (2006) 145 Cal.App.4th 1260, 1278 (*Bakersfield*); *Ham v. Los Angeles City High Sch. Dist.* (1946) 74 Cal.App.2d 773, 775 (*Ham*).) "'[P]ermanent' and 'probationary' employees are employed for a

7

school year; 'temporary' employees are hired as needed during a given semester or school year because a regular employee has been granted a long-term leave of absence or is experiencing a long-term illness; and 'substitute' employees, who are employed from day to day to fill the position of a regular employee who is absent from service on a short term basis." (*Neily v. Manhattan Beach Unified School Dist.* (2011) 192 Cal.App.4th 187, 193 (*Neily*).)

The Education Code "authorizes the governing boards of school districts to hire, classify, promote and dismiss certificated employees (i.e., teachers) (see § 44831), but establishes a complex and somewhat rigid scheme to govern a board's exercise of its decisionmaking power." (*Kavanaugh, supra,* 29 Cal.4th at p. 917; see also *Bakersfield, supra,* 145 Cal.App.4th at p. 1278.) Under section 44915, the governing school district board 'shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees.' . . . Although section 44915 sets probationary status as the 'default' classification for teachers [citation], it does not . . . prohibit a school district from classifying an employee as a temporary or as a substitute employee." (*Neily, supra,* 192 Cal.App.4th at p. 193.)

Section 44919 provides in relevant part that the governing school district board "shall classify as temporary employees those persons requiring certification qualifications, *other than substitute employees*, who are employed to serve from day to day during the first three school months of any school term to teach temporary classes not to exist after the first three school months of any school term . . . ." (§ 44919, subd. (a);

8

italics added.)  An employee can also be classified as a temporary employee, with appointment on a temporary basis for a period not to exceed 20 working days, "to prevent the stoppage of school district business when an actual emergency arises and persons are not immediately available for probationary classification."  (§ 44919, subd. (c).) Substitute and temporary certificated school employees fill a school district's short-term needs and may be summarily released, absent infringement of constitutional or contractual rights.  (*Bakersfield, supra,* 145 Cal.App.4th at p. 1278; *Henderson v. Newport-Mesa Unified School District* (2013) 214 Cal.App.4th 478, 491 (*Henderson*).)

Under section 44916, classification initially must be made at the time of employment and thereafter in July of each school year.  (§ 44916.)  At the time of initial employment, the employee must receive a written statement of employment status and salary.  (§ 44916.)  Edwards complains that she did not receive written notice of her classification or salary and there was no written employment contract, as required under section 44916.  As explained in the School District superintendent's letter to Edwards, sent in August 2008, the School District was not required to issue a substitute teacher an employment contract or formal notice of classification under section 44916.  Edwards was informed she was rehired as a substitute teacher and there is substantial evidence that she was well aware of this fact.  Since Edwards was not hired as a "temporary employee" or as a regular (permanent or probationary) certificated employee, section 44916 is inapplicable.

Edwards's reliance on section 44909 is also misplaced.  Section 44909 requires the School District to provide a written employment contract but only pertains to

9

certificated employees hired to perform services under contract with public or private agencies or certain categorically funded projects. (§ 44909.) The purpose of the statute is to permit "'"the hiring of qualified persons for categorically funded programs of undetermined duration without incurring responsibility to grant tenured status based on such teaching services alone." [Citation.] The section "was intended to give school districts flexibility in the operation of special educational programs to supplement their regular program and to relieve them from having a surplus of probationary or permanent teachers when project funds are terminated or cut back." [Citation.]' [Citation.]" (*Bakersfield, supra,* 145 Cal.App.4th at p. 1286.)

Edwards was hired to substitute teach for Guillen, who was a categorically funded temporary teacher out on medical leave. Section 44909 does not apply to Edwards because she was not hired as a categorically funded employee or to backfill a position vacated by an employee placed in a categorically funded position. As a substitute teacher, Edwards was not filling a vacated position. Guillen still held her position while out on medical leave. For this reason, Edwards's reliance on *Vasquez v. Happy Valley Union School Dist.* (2008) 159 Cal.App.4th 969 for the proposition the School District misclassified her as a substitute teacher, is misplaced. *Vasquez* is distinguishable in that in *Vasquez* the court held the school district misclassified the plaintiff as a substitute teacher because the plaintiff did not fill the position of a regularly employed, absent teacher. Rather, the plaintiff was hired to teach a new class as the result of class-size reduction requirements. (*Id.* at pp. 981, 984.) In the instant case, plaintiff was hired as a substitute to fill the position of a regularly employed teacher who was on medical leave.

10

Edwards's reliance on section 45028, which refers to compensation based on uniform salary schedules, is also misplaced. Section 45028, subdivision (a), states that the statute does not apply to substitute teachers.

Edwards argues that even though the School District classified her as a substitute teacher, in actuality, she was a regular, permanent teacher. We disagree. "'Ordinarily, a trial court's findings and judgment on a petition for writ of mandate are upheld if supported by substantial evidence. [Citation.]'" (*Bakersfield, supra,* 145 Cal.App.4th at p. 1271.) Here, there is substantial evidence that Edwards was seeking a substitute teacher job and was aware she was hired and paid as such. In May 2007, in response to Edwards's employment application, the School District provided her with an initial notification of reasonable assurance of employment for the 2007/2008 school year. Edwards signed the notice form, acknowledging receipt and that she was seeking employment as a substitute teacher for the 2007/2008 school year. Edwards also completed and signed a form entitled, "Permissive Election and Acknowledgment of Receipt of CALSTRS Defined Benefit Plan Membership Information." On this form, Edwards stated that her position title was "Substitute Teacher." On May 24, 2007, Edwards filled out a school district form entitled, "Substitute Employee Management System Certificated Substitute Employee Profile."

In addition, Edwards signed timesheets throughout the 2007/2008 school year, which stated at the top, "SUBSTITUTE TIMESHEET." Underneath the column heading stating, "Substitute for Whom & Position Title," Edwards filled in the name of "M. Guillen," and "Mari Guillen," the teacher for whom she was substituting.

The School District paid Edwards in accordance with its substitute salary schedule. Edwards did not receive her first paycheck until October 2007. When she received it, she noticed the School District had underpaid her and called the School District in October 2007 to report the error. Edwards testified at her deposition that a School District employee in payroll told her she was paid as a substitute teacher. Edwards complained that she should be paid as a regular teacher.

Relying on sections 44918, 44931, and 44986, Edwards argues that upon being rehired to teach during the 2007/2008 school year, she should have been classified as a permanent employee, not as a substitute, and paid accordingly. Edwards asserts that the School District's retroactive reclassification of Edwards as a permanent teacher entitles her to all rights, backpay and benefits conferred on a permanent teacher under section 44931. We disagree. A former permanent teacher rehired as a substitute teacher is not entitled to permanent status while employed as a substitute. (*Ham, supra,* 74 Cal.App.2d at pp. 776-777; see also *Koblik v. Los Angeles City Junior College District* (1946) 74 Cal.App.2d 713, 718-719 [the rehiring of a dismissed permanent teacher as a substitute teacher is not a "reappointment" as a permanent teacher under section 13654, a former statute similar to section 44931].) However, if a teacher substitute teaches at least 75 percent of a school year and is rehired the following school year as a regular teacher, the teacher may receive a year of credit toward classification as a permanent teacher and seniority credit. (§§ 44914, 44918; *San Jose Teachers Assn. v. Allen* (1983) 144 Cal.App.3d 627, 641.)

In the instant case, the School District employed Edwards as a substitute teacher

12

during the 2007/2008 school year and did not retroactively reclassify her as a permanent teacher for the 2007/2008 school year. The School District hired Edwards the following year as a permanent teacher for the 2008/2009 school year under section 44931. Since Edwards resigned in 2006 and was rehired in 2008 as a regular teacher filling a vacant position, and not as a substitute, she was entitled to classification as a permanent employee at that time and thereafter under section 44931.

Under section 44931, "Whenever any certificated employee of any school district who, at the time of his or her resignation, was classified as permanent, is reemployed within 39 months after his or her last day of paid service, the governing board of the district shall, disregarding the break in service, classify him or her as, and restore to him or her all of the rights, benefits and burdens of, a permanent employee, except as otherwise provided in this code." This provision does not apply to substitute teachers. Reemployment as a substitute, regardless of whether the employee was previously a permanent employee, does not make the employee eligible for permanent status. (*Ham, supra,* 74 Cal.App.2d at pp. 776-777.)

In *Ham, supra,* 74 Cal.App.2d 773, the plaintiff filed a petition for writ of mandamus to compel the school district to classify him as a permanent teacher. The plaintiff was hired as a long-term substitute teacher and served continuously as a substitute teacher for three years. (*Id.* at pp. 773-774.) After serving three years as a substitute teacher, the plaintiff was hired, served, and was paid as a probationary teacher. (*Id.* at p. 774.) The plaintiff argued that his service as a substitute teacher should qualify for classification as a permanent employee. (*Ibid.*) The trial court denied the plaintiff's

13

petition and the court in *Ham* affirmed, concluding the plaintiff was not entitled to classification as a permanent employee by operation of law. (*Id.* at p. 777.)

As explained in *Ham*, "'There is a wide distinction between the status of probationary and permanent employees on the one hand and substitute employees on the other; the former, as the classification indicates, have positions of their own from which they cannot be removed except for cause and after a hearing; the latter have no positions of their own but occupy, temporarily, positions belonging to probationary or permanent teachers. Furthermore, teaching as a substitute does not qualify one to become a permanent teacher.'" (*Ham, supra,* 74 Cal.App.2d at pp. 775-776, quoting *Hogsett v. Beverly Hills School Dist.* (1936) 11 Cal.App.2d 328, 332 (*Hogsett*).)

The court in *Ham* further explained that employment of a probationary teacher (or permanent teacher) as a substitute teacher "'would not amount to "reelection" within the meaning of the statute nor give the teacher a position of her own where she had been elected to fill only temporary vacancies in the positions of others. . . . Petitioner's status is governed by the law and by the conditions of her reemployment. The number of days she may have served as a substitute teacher has nothing to do with her classification. . . . Whether petitioner worked one day during the year or every day makes no difference. In either case she was merely a substitute teacher.'" (*Ham, supra,* 74 Cal.App.2d at p. 776, quoting *Hogsett, supra,* 11 Cal.App.2d at p. 332.) In the instant case, under *Ham*, Edwards's employment as a substitute teacher did not convert to employment as a permanent employee with commensurate pay merely because she held the position for the entire 2007/2008 year and was hired the following year as a regular teacher.

14

Edwards argues that under section 44918, subdivision (a), she was entitled to retroactive pay for her employment as a substitute teacher during the entire 2007/2008 school year. We disagree. Section 44918, subdivision (a), provides: "Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in that school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year."

Section 44918 does not provide for retroactive pay or benefits. It only provides long-term substitute and temporary employees with credit for time served as a substitute teacher, for purposes of qualifying for permanent employment status and seniority. Section 44918 "simply reflects a modest effort to encourage school districts to integrate temporary teachers whose services have proved satisfactory over an extended period of time into the ranks of the probationary and permanent employees, and thus to curtail any tendency school districts might have to perpetuate a permanent underclass of 'temporary' teachers with no prospects of achieving job security." (*Henderson, supra,* 214 Cal.App.4th at p. 493.) Although under section 44918 Edwards was entitled to preferential hiring and one year of teaching credit as a probationary employee based on her year of substitute teaching and subsequent employment as a regular teacher, she received prospective permanent status under section 44931, upon being hired as a regular teacher in 2008.

15

Edwards's reliance on section 44986 is also misplaced. It does not mandate retroactive reclassification, salary, benefits and seniority be given to Edwards. Section 44986 applies to a certificated employee who has applied for and is eligible for disability benefits and is granted a leave of absence. Under section 44986, an employee filling in for the teacher on leave of absence, is classified as a temporary employee. If the term of employment extends beyond the number of days of absence of the employee receiving disability, the temporary employee shall be credited for all such days served as a probationary employee. The School District superintendent correctly advised Edwards this provision did not apply to her because Edwards was not hired as a temporary employee and the number of days of Edwards's employment did not extend beyond the period of Guillen's absence.

Edwards's reliance on *Eureka Teacher's Assn. v. Board of Education* (1988) 202 Cal.App.3d 469 (*Eureka*) is also not on point. In *Eureka*, the trial court granted the plaintiff's petition for writ of mandate seeking immediate reemployment under section 44918, but denied writ relief as to the plaintiff's request for backpay and benefits. (*Id.* at p. 472.) The court in *Eureka* affirmed the trial court ruling that the plaintiff was entitled to reemployment rights after serving as a long-term substitute (*id.* at p. 474) but reversed the ruling denying backpay and benefits. The court in *Eureka, supra,* at page 476, held that backpay and benefits were improperly denied based on the plaintiff's failure to file a claim for damages under the Tort Claims Act (Gov. Code, § 810 et seq.). The court in *Eureka* concluded the Tort Claims Act was inapplicable because the claim for backpay and benefits was incidental to the plaintiff's mandamus action for reemployment and

16

therefore exempted from the Tort Claims Act. (*Eureka, supra,* 202 Cal.App.3d at p. 475.) *Eureka* is distinguishable in that the backpay and benefits in *Eureka* were for deprivation of reemployment as a regular teacher, not for retroactive pay for employment as a substitute teacher.

Edwards's reliance on *Campbell v. Graham-Armstrong* (1973) 9 Cal.3d 482 (*Campbell*) and section 45024, is also misplaced. The plaintiffs in *Campbell* were not hired as substitute teachers. They were hired as kindergarten teachers, to work part-time and receive part-time pay. The court in *Campbell* held that the plaintiffs were entitled to be reclassified as full-time employees because they taught for at least the minimum school day as prescribed by the Education Code. The court therefore held the plaintiffs were entitled to back pay. (*Id.* at p. 486.) Section 45024 merely provides that full-time employees must be paid a fixed salary as full-time employees. (§ 45024.) The statute does not mandate that a substitute employed full-time must be classified as a permanent employee or be paid as a regular permanent or probationary teacher. Neither *Eureka, supra,* 202 Cal.App.3d 469 nor *Campbell, supra,* 9 Cal.3d 482 address the issue raised here of whether under section 44918, a long-term substitute teacher, subsequently rehired as a regular teacher, is entitled to retroactive pay for services provided as a long-term substitute.

In the instant case, Edwards was properly classified and paid as a substitute teacher during the 2007/2008 school year, and therefore is not entitled to backpay.

17

V

STATUTE OF LIMITATIONS BAR

Edwards contends the trial court erred in finding her petition for writ of mandate barred by the three-year statute of limitations (Code Civ. Proc., § 338, subd. (a)). The trial court found the statute of limitations began running in May 2007. Edwards filed her writ petition more than three years later, on September 17, 2010. Edwards argues that it was not until she received her first paycheck in October 2007, that she became aware she was misclassified as a substitute teacher and underpaid. Edwards further argues that the statute of limitations was tolled during the time she was pursuing her administrative remedies. She also asserts tolling based on the theories of continuous harm, and the equitable defenses of laches, estoppel, and unclean hands.

Generally, the statue of limitations begins running "upon the occurrence of the last element essential to the cause of action, even if the plaintiff is unaware of the cause of action. Under the 'delayed discovery rule,' however, the accrual date of a cause of action is delayed until the plaintiff is aware of his or her injury and its cause. The plaintiff is charged with this awareness as of the date he or she suspects or should suspect that the injury was caused by someone's wrongful act. The period of limitations, therefore, will begin to run when the plaintiff has a 'suspicion of wrongdoing'; in other words, when he or she has notice of information of circumstances to put a reasonable person on inquiry." (*Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 35.)

In the instant case, there is substantial evidence supporting the trial court's finding that the statute of limitations began running in May 2007, when Edwards was advised she

was being hired as a substitute and would be paid accordingly. Edwards was also informed of this in August 2007, when she began working as a substitute teacher and signed the substitute teacher timesheet. Edwards's writ petition therefore would normally be barred by the three-year statute of limitations because she did not file her writ petition until more than three years later, on September 17, 2010.

Edwards argues that even if the statute of limitations accrued as early as May 2007, her writ petition was not barred by the statute of limitations because it was tolled while she was exhausting internal administrative remedies. "'The exhaustion of administrative remedies will suspend the statute of limitations even though no statute makes it a condition of the right to sue. [Citation.] . . . "When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the others while he is thus pursuing the one." [Citations.]' [Citations.])" (*County of San Diego v. Myers* (1983) 147 Cal.App.3d 417, 422-423 (*Myers*), quoting *Campbell, supra,* 9 Cal.3d at p. 490.)

Edwards contends that under *Campbell, supra,* 9 Cal.3d 482, the statute of limitations was tolled while she was pursuing her administrative remedies with the School District. In October 2007, Edwards first objected to her pay. In May 2008, she wrote the assistant superintendent of personnel services and requested her complaint be resolved. In June 2008, Edwards submitted an internal form complaint, asserting misclassification and entitlement to backpay. The Board advised her in August 2009 that it had rejected her complaint. In *Campbell*, the plaintiffs filed a writ of mandate to

19

compel the school district board of education to reclassify them from part-time to full-time kindergarten teachers and to pay them backpay for the years they were misclassified as part-time teachers. The plaintiffs appealed the trial court ruling holding the plaintiffs' claims accruing more than three years before the plaintiffs filed their writ petitions, were barred by the three-year statute of limitations under Code of Civil Procedure section 338. (*Campbell, supra,* 9 Cal.3d at p. 490.)

The court in *Campbell* explained that, "In *Myers v. County of Orange*, 6 Cal.App.3d 626, 634, it is said: 'When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the other while he is thus pursuing the one.' [Citations.] Plaintiffs' theory thus requires a factual determination as to whether they reasonably and in good faith pursued their remedies with the governing board from May 1966 until December 1967, when this action was filed. Since they failed to raise the theory in the trial court, no such factual finding has been made. Under the circumstances, plaintiffs are barred from asserting the argument at this late stage of the proceedings. [Citation.]" (*Campbell, supra,* 9 Cal.3d at p. 490.)

In the instant case, the tolling theory was not forfeited since Edwards argued in the trial court that the statute of limitations was tolled during her efforts to exhaust internal administrative remedies. There is substantial evidence supporting Edwards's contention she pursued internal administrative remedies, beginning at the latest in May 2008, when Edwards sent a letter to the School District assistant superintendent of personnel services, requesting the School District resolve her claim of misclassification as a substitute

20

teacher for the 2007/2008 school year and to pay her backpay for the misclassification. The statute of limitations was tolled for over one year under *Myers, supra,* 147 Cal.App.3d 417 and *Campbell, supra,* 9 Cal.3d 482, until August 2009, when the Board rejected Edwards's complaint that she had been misclassified. By letter dated August 26, 2008, the Board president notified Edwards that the Board had rejected her claim and affirmed the superintendant's decision that Edwards was correctly classified as a substitute. Assuming the three-year limitation period was tolled, Edwards timely filed her writ petition on September 17, 2010.

The School District argues that, even assuming the statute of limitations was tolled, the writ petition was untimely based on the equitable theory of laches. We reject this theory since there was evidence Edwards first objected in October 2007, and continued to object thereafter up until August 2009.

Even though the writ petition was not barred by the statute of limitations, we conclude the trial court did not err in denying Edwards's writ petition on the grounds the School District did not misclassify Edwards as a substitute teacher and was not required to pay Edwards backpay.

## VI

## DISPOSITION

The judgment is affirmed.  The School District is awarded its costs on appeal.

CERTIFIED FOR PARTIAL PUBLICATION

CODRINGTON

J.

We concur:

KING

Acting P. J.

MILLER

J.